## FOSTER v. THE STATE.

LIQUOR:  *Selling medicated, without license.*

> The proportion of liquor to the other ingredients in a compound, is mainly, if not solely, to be considered in determining whether the compound is such a medicated liquor as can not be sold without license, under the liquor law of March 8, 1879. [The compound in this case was "Fitzpatrick's Bitters," and held from the evidence to be within the act.—REP.]

APPEAL from *Lee* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

*C. B. Moore, Attorney General*, for appellee.

The proof shows that the article sold comes within the spirit and meaning of the act of March 8, 1879, secs. 1 and 5. See *Pamph. Acts, pp.* 33, 34, 35.

HARRISON, J.    G. F. Foster was indicted for selling without license, a preparation of ardent spirits, known as Fitzpatrick's Bitters, and was convicted and fined two hundred dollars. He moved for a new trial upon the ground that the conviction was against the evidence, which was refused, and he excepted and appealed.

The selling of the bitters was proved as charged, and it was admitted that the defendant had no license.

It was proved by the defendant that the bitters was compounded according to the following formula:

Fluid extract of gentian............................ 2 drachms.
Fluid extract of cinchona......................... 2 drachms.
Fluid extract of columbo ........................ 2 drachms.
Fluid extract of cardeman seed.................. 1 drachm.
Essence of orange peel............................ 4 drachms.
Simple syrup..................................... 4 drachms.
Water............................................ 4 ounces.
Cologne spirits.................................16 ounces.

Making in volume, a total of.....................21⅛ ounces.

That the Cologne spirits are distilled spirits, and are 74 per cent. of proof spirits. That the Cologne spirits and the extracts alone have no decided medical effect in the preparation, and that 58 per cent. of it is proof spirits. That it is manufactured as a medicine, and the drugs from which the extracts are made, and the extracts themselves, are known to materia medica, and in common use by physicians, and that it has preventive, stimulant and tonic properties, and the prescribed dose is a wineglassful. One witness, a physician, testified that the ingredients of which the preparation is composed, are inconsistent with its use as a beverage, and that nausea would follow from its excessive use before intoxication; but another, also a physician, testified that he had drank it as a substitute for whisky, and as a beverage; and it was proven that if the water and syrup were eliminated, no spirits would be necessary for the preservation of the other ingredients, the extracts containing sufficient proof spirits for that purpose.

Section 1, of the act of March 8, 1879, under which the indictment was found, is as follows:

"Section 1. That it shall not hereafter be lawful for any person to sell any ardent, vinous, malt or fermented liquors, in this state, *or any compound or preparation thereof, commonly called tonics, bitters, or medicated liquors in any quantity or for any purpose whatsoever*, without first procuring a license from the county court of the county in which such sale is to be made, authorizing such person to exercise such privilege; *provided*, manufacturers of ardent, vinous, malt or fermented liquors, can sell in original packages, without license; *provided, further*, that said original packages shall not contain less than five gallons."

We held in *Wood v. The State, 34 Ark., 341*, that a druggist, who had no license to sell ardent spirits, is prohibited by the

above section from selling whisky under the prescription of a physician, or for a medical purpose.

That the bitters sold by the defendant are a preparation of ardent spirits or medicated liquor, the evidence places beyond question ; and if not such as the legislature intended to regulate the sale of, we are unable to conceive the class or kind of preparations of ardent spirits or medicated liquors that is meant. If the proportion of whisky or ardent spirits to the other ingredients in the compound, is to be considered, and we think that should be mainly, if not solely regarded, in determining its character, the bitters or preparation sold by the defendant is manifestly within the language and spirit of the statute. The judgment is affirmed.