ATKINS *v.* STATE.

(*Knoxville.* October 26, 1895.)

1. GAMING. *The "six wheel."*
   The "six wheel" is a gaming device. (*Post, pp. 475, 476.*)

2. SAME. *License.*
   An unauthorized license affords no protection to one who participates in unlawful gaming. (*Post, p. 476.*)
   Cases cited and approved: Palmer *v.* State, 88 Tenn., 553; Brown *v.* State, 88 Tenn., 566.

3. SAME. *Employe guilty.*
   One who operates a gambling contrivance for another, for wages, is guilty of gaming. (*Post, p. 476.*)
   Code construed: §§ 5688, 5689 (M. & V.); §§ 4870, 4871 (T. & S.).
   Cases cited and approved: Howlett *v.* State, 5 Yer., 145; Smith *v.* State, 5 Hum., 164; State *v.* Keith, 3 Leg. Rep., 228; McGowan *v.* State, 9 Yer., 185; Fugate *v.* State, 2 Hum., 398; Eubanks *v.* State, 3 Heis., 488; State *v.* Caswell, 2 Hum., 400.

4. SAME. *Good faith no defense.*
   That one believes he has a lawful right to operate a gambling contrivance is no defense for violation of the laws against gaming. (*Post, pp. 478, 479.*)

5. CRIMINAL LAW. *Ignorance of law.*
   Ignorance of law is no excuse for its violation. (*Post, pp. 478, 479.*)

6. SAME. *Relations not recognized.*
   The relations of principal and agent, employer and employe, are not recognized in the criminal law. No man can authorize another to do what he may not lawfully do himself. If the attempt to confer such unlawful authority be made, and the unlawful act be done, both are guilty. (*Post, pp. 476, 477.*)

Atkins *v.* State.

7. SAME. *All principals in misdemeanors.*

In misdemeanors all participants are principals. (*Post, pp. 476, 477.*)

Cases cited and approved: State *v.* Smith, 2 Yer., 272; Curlin *v.* State, 4 Yer., 144; State *v.* Caswell, 2 Hum., 400.

FROM KNOX.

Appeal in error from the Criminal Court of Knox County. T. A. R. NELSON, Judge.

HORACE FOSTER for Martin.

Attorney-general PICKLE for State.

CALDWELL, J. Martin Atkins was presented, tried, and convicted, in the Criminal Court of Knox County, for unlawful gaming. The presiding Judge fined him $2.50, and he appealed in error.

On the trial below it was unmistakably shown that the plaintiff in error had been engaged, for some time, in the operation of a gaming device, known as "a six wheel." Testifying in his own behalf, he said: "I was working for T. M. Smart. He gave me $2.00 a day to run his wheel for him. He had a license to run a six wheel. This was a six wheel. . . . Smart made his living by running this wheel. The numbers were from one to six. If you put a dollar down on the two, and if it stopped on that number, you would get $4.00; if not, the man that

run the wheel would get the dollar. I was only employed by the day and had no interest in the business."

These facts make a clear case of guilt on the part of the plaintiff in error. That the wheel was a gambling contrivance, and those participating in the games thereon were guilty of unlawful gaming is beyond question. The license which Smart is said to have had, was not produced, and, if it had been, it would have afforded no protection to anyone, because there is no law authorizing the grant of such license, and unauthorized license is the same as no license at all. *Palmer* v. *State*, 88 Tenn., 553; *Brown* v. *State*, 88 Tenn., 566.

Smart, the owner of "the business," and his patrons were undoubtedly guilty of unlawful gaming every time the wheel was operated for money or other thing of value, and the plaintiff in error, who operated it, was as certainly guilty of the same offense in each instance, though he "had no interest in the business" as owner, and was only employed by the day at fixed wages.

The relations of principal and agent, employer and employe, are not recognized in the criminal law. By that law every man must stand for himself. No man can authorize another to do what he may not lawfully do himself. If the attempt to confer such authority be made, and the unlawful act be done, both are guilty. In felonies all unlawful participants are either principals or accessories; in

misdemeanors they are all principals, and equally guilty. *State* v. *Smith*, 2 Yer., 272; *Curlin* v. *State*, 4 Yer., 144; *State* v. *Caswell*, 2 Hum., 400; 1 Bishop on Criminal Law, Secs. 594, 627.

"If any person play at any game of hazard or address for money or other valuable thing, or make any bet or wager for money or other valuable thing, he is guilty of a misdemeanor." Code (M. & V.), § 5688.

And again, "If any person encourage or promote, aid or assist, the playing of any game, or the making of any bet or wager, for money or other valuable thing, or keep or exhibit any gaming table or device for gaming, he is also guilty of a misdemeanor." *Ib.*, § 5689.

The plaintiff in error is guilty under both of these provisions. By standing for and representing one side of each game upon the wheel, he became guilty under the former provision, and by operating the wheel he became guilty in each instance under the latter provision.

A person, who, without betting himself, plays cards with others whom he knows to be betting something of value, is guilty of encouraging and promoting the offense of gaming. *Howlett* v. *State*, 5 Yer., 145. In that case Judge Peck, speaking for this Court, said: "He who plays is self-tempted into the debauch, and, if innocent of the betting, it is still a crime if countenance be given to such as may." 5 Yer., 152.

In *Smith* v. *The State*, 5 Hum., 164, it was decided that Smith, who engaged in "pitching dollars" without betting himself, but with knowledge that others were betting on the game, was indictable and punishable for gaming. The Court, in the latter case, after approving the principle announced in Howlett's case, *supra*, said: "If a party plays at a game upon which he knows others are betting, he becomes thereby a guilty participator in the gaming, although he may not bet himself." 5 Hum., 165. See, also, *The State* v. *Keith*, 3 Leg., R., 228; *McGowan* v. *The State*, 9 Yer., 185, and *Fugate* v. *The State*, 2 Hum., 398.

In the case of *Eubanks* v. *The State*, 3 Heis., 488, a mere clerk, who sold prize candy packages for his employer, was held to be guilty of gaming; and in Caswell's case, previously cited herein, the Court, referring to the alleged relation of employer and employee in unlawful tippling, said: "In minor offenses, aiders and abettors are principals; therefore, if one procure the spirits for the purpose of retailing, and hire another to attend to the bar as his servant, and he retails, both are guilty." 2 Hum., 400. To same effect are numerous cases mentioned in Sec. 627, Vol. I., of Bishop's Crim. Law.

It can be of no avail to the plaintiff in error, upon the question of guilt, that he thought he had a lawful right to operate the wheel for Smart. Ignorance of law is no excuse for its violation.

There is no doubt, however, that some allowance was made for his professed good faith, when the Court came to consider the measure of punishment, and fined him only $2.50.

Affirmed.