MOORE v. STATE.

(*Jackson.*    April 16, 1896.)

INTOXICATING LIQUORS.    *Violation of four mile law.*

The sale, within four miles of a schoolhouse, and outside an incorporated town, of "hop tonic" and "homestead cider," drinks that are capable of producing intoxication, falls within the prohibition of the four mile law against the sale of "intoxicating beverages" or "intoxicating liquors" within four miles of any schoolhouse and outside an incorporated town.

Acts construed: Acts 1887, Ch. 167; Acts 1877, Ch. 23.

FROM WEAKLEY.

Appeal from Circuit Court of Weakley County. W. H. SWIGGART, J.

J. W. THOMAS and Jo. E. JONES for Moore.

Attorney-general PICKLE for State.

CALDWELL, J.    Arthur Moore is under conviction for unlawfully selling and tippling intoxicating liquors as a beverage, within four miles of a schoolhouse, where school was kept, and not within the limits of an incorporated town.    The presentment is in good form, and the verdict is well supported by the ev-

idence. The sale was of "hop tonic" and "homestead cider," so-called, which intoxicated the purchaser to the extent of absolute drunkenness. The selling is admitted, and that the effect of drinking the liquid sold was complete inebriation for a time is not to be doubted, from the whole body of the evidence adduced on the trial below. The trial Judge set out, at large, in his charge the law under which the presentment was found, it being Chapter 167 of the Acts of 1887, and then instructed the jury that said statute "was intended to, and did, prohibit the sale, as a beverage, of wine, ale, and beer, and also all other liquors which were intoxicating, whether called beer, wine, whisky, ale, cider, hop tonic, or whatever name they may be known by; and that the defendant could not lawfully sell hop tonic or cider within four miles of a schoolhouse, where a school is kept, if such hop tonic or cider was intoxicating, and would make men drunk, and was sold as a beverage, and not in an incorporated town."

This is a sound interpretation of the law applicable to the case before the Court—a construction manifestly in accord with the contemplation of the Legislature.

The four-mile law had its origin in Chapter 23, Acts of 1877, which prohibited the sale of "any intoxicating beverage within four miles of an incorporated institution of learning in this State," and not "within the limits of any incorporated town."

35—12 P

Chapter 167, Acts of 1887, makes it unlawful "for any person to sell or tipple any intoxicating liquors, including wine, ale, and beer, as a beverage, within four miles of any schoolhouse, public or private, where a school is kept, whether the school be then in session or not, in this State," and not "within the limits of any incorporated town."

Undoubtedly, the principal object of the latter Act was to enlarge the scope and application of the former one, by extending its wholesome and approved advantages to unincorporated schools, as well as to those that were incorporated, and, further, by giving additional force and emphasis, if possible, to the purpose to exclude from sale, · as a beverage, within the prohibited domain, any and all intoxicating liquids or drinks, such exclusion being the means through which those advantages were to be enjoyed.

The substitution of the word "liquors," in the latter law for the word "beverage" in the former law, is of no consequence. The two words were used to express the same idea—to designate the same things —each meaning simply liquids or drinks, as is obvious from the context.

Intoxication, or the chance of it, was the thing to be ultimately avoided and prevented, the same in the one . case as in the other, and no notice was taken of any supposed technical distinction between an "intoxicating beverage" and "intoxicating liquors." The important, qualifying, and controlling word, in both Acts, is "intoxicating." All intoxi-

Moore *v.* State.

cating liquids or drinks, of whatever name, kind, or quality, are within the prohibition of each law, and no beverage or liquor not intoxicating is within the prohibition of either law.

Affirm with costs.