# W. G. HAYNES *v.* STATE.

## *(Jackson.* April Term, 1907.)

**INTOXICATING LIQUORS.** Ignorance that liquors are intoxicating does not excuse unlawful sale thereof.

Under an indictment for selling intoxicating liquors without a license or for selling the same within four miles of a schoolhouse, the defendant's ignorance of the intoxicating properties of the liquors sold is no defense; for if he sells liquors, he must know at his peril whether they are intoxicating or not, and his belief that they were not intoxicating resulting from a guarantee under which he bought them, is no excuse, where the statute does not require guilty knowledge as an ingredient of the offense. (*Post, pp.* 711-716.)

Code cited and construed: Secs. 991, 6795 (S.); secs. 857, 5679 (M. & V); sec. 689 (T. & S. and 1858).

Acts cited and construed: Acts 1899, ch. 161, sec. 1.

Constitution cited: Art. 2, sec. 28.

Cases cited and approved: Atkins v. State, 95 Tenn., 474; Moore v. State, 96 Tenn., 544. State v. Hartfiel, 24 Wis., 60; Barnes v State, 19 Conn., 398; Commonwealth v. Mash, 7 Metc. (Mass.), 472; Commonwealth v. Boynton, 2 Allen (Mass.), 160; Merrick v. Plumley, 99 Mass., 567; Ulrich v. Commonwealth, 6 Bush (Ky.), 400.

Case cited and disapproved: Farrel v. State, 32 Ohio St., 456.

FROM LAUDERDALE.

Appeal in error from the Circuit Court of Lauderdale County.—S. J. EVERETT, Judge.

J. W. KIRKPATRICK & SON, for Haynes.

ATTORNEY-GENERAL CATES, for State.

MR. SPECIAL JUSTICE HENDERSON delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of Lauderdale county in one count for selling intoxicating liquors without license, and in another count for selling same within four miles of a schoolhouse. Upon trial before the jury, there was a general verdict of guilty, and the court fixed the punishment under the first count at a fine of fifty dollars and confinement in the county workhouse for six months. Motion for new trial having been overruled, there is appeal in error to this court.

The plaintiff in error was engaged in the grocery business at Ripley. In connection with this, he sold cider, phosphate, and soda pop. The claim of the State is that the cider would intoxicate. Upon motion of plaintiff in error, the attorney-general in the court below elected to ask conviction upon the sale of cider claimed to have been made to one Luther Vaughan.

Haynes v. State.

The first error assigned is that the evidence preponderates against the verdict. We have carefully considered the evidence in the case, and this assignment is overruled. While there is some conflict in the testimony, we think the verdict of the jury is sustained.

The second error assigned is to the exclusion by the trial judge of the testimony of Ode Smith, a salesman for the Dyersburg Wholesale Company, who sold the cider to plaintiff in error. The following is the excluded testimony: "When I sold this cider to W. G. Haynes, I represented and guaranteed that it contained no alcohol and would not intoxicate." He further testified, which was excluded, that he sold the cider to the general trade; had eight or ten customers in Lauderdale county who buy the cider; that he never knew or heard of any complaint by any customers handling this cider, except in this case.

The following is our legislation on the subject: Shannon's Code, section 991: "The right to sell spirituous, vinous or fermented liquors is a taxable privilege in the sense of the twenty-eighth section of the second article of the constitution." Shannon's Code, section 6795: "It shall not be lawful for any person to sell or tipple any intoxicating liquors, including wine, ale and beer, as a beverage, within four miles of any schoolhouse," etc. Acts 1899, p. 309, c. 161, section 1: "That any person or persons selling, or aiding in selling in any way whatever, intoxicating liquors, without a license required by law, shall be guilty of a misdemeanor," etc.

The court charged the jury on the subject as follows: "What is meant by intoxicating liquors is anything that will intoxicate, and it does not make any difference by what name it is called. If Mr. Haynes sold to Luther Vaughan the stuff of any kind that intoxicated him or that was intoxicating, you should convict."

Defendant disclaims knowledge of the intoxicating character of the cider. His counsel urges that it is a fundamental principle of criminal law that there must be a criminal intent of the mind, coupled with the act, in order to constitute a crime. He cites the case of *Farrell* v. *State*, 32 Ohio St., 456, 30 Am. Rep., 614, decided by the supreme court of Ohio. In that case the defendant had been selling bitters, and was indicted for selling intoxicating liquors. The court says: "In such case the maxim of the criminal law, *'Ignorantia facti excusat,'* applies to this case. The excusing principle of this maxim applies with great force where the business is recognized as lawful, and a transaction in its prosecution only becomes criminal when it is carried on with a purpose to violate the law. To give this maxim practical effect in a proper case, it is but an assertion of natural justice, for the reason that to render an act criminal the intention with which it is done must be so. The will must concur with the act. To make a transaction criminal, there must be both will and act entering into the transaction."

The opinion in that case was by a divided court; and, even had it been otherwise, it is not sound in principle,

and is contrary to the weight of authority in this and other States. It is the sale of intoxicating liquors without license which the statute prohibits, and it is unlawful to sell intoxicating liquor of any character without license. This being so, the seller must find out at his peril whether the liquor he proposes to sell is intoxicating or not. Guilty knowledge is not by the statute made an ingredient of the offense.

Quite a number of authorities might be cited in support of this. In the case of *State* v. *Hartfiel,* 24 Wis., 60, it is held that the sale of intoxicating liquors to a minor is an offense under the statute, though the vendor did not know that the purchaser was a minor. The court in that case says: "The words 'knowingly' and 'willfully,' or other words of equivalent import, are omitted from the statute, and the offense is made to consist solely in the fact of a sale of intoxicating liquors or drinks to a minor."

Numerous authorities could be cited to the effect that where a statute commands that an act be done or omitted, which in the absence of such statute might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse violation. 3 Greenleaf on Ev., section 21; *Barnes* v. *State,* 19 *Conn.,* 398; *Commonwealth* v. *Mash,* 7 Metc. (Mass.), 472; *Com.* v. *Boynton,* 2 Allen (Mass.), 160; *Merrick* v. *Plumley,* 99 Mass., 567.

In *Ulrich* v. *Com.,* 6 Bush (Ky.), 400, it is said: "It is as incumbent on the vendor of liquor to know that his

customer labors under no disability as it is for him to know the law, and his ignorance of neither will excuse him."

In the case of *Commonwealth* v. *Boynton*, 2 Allen (Mass.), 160, cited supra, it is said: "The court are of the opinion that the sale of intoxicating liquors, in violation of the statute prohibition, is not one of those cases in which it is necessary to allege or prove that the person charged with the offense know the illegal character of his act, or in which a want of such knowledge would avail him in defense. If the defendant purposely sold the liquor, which was in fact intoxicating, he was bound at his peril to ascertain the nature of the article which he sold. When the act is expressly prohibited, without reference to the intent or purpose, and the party committing it was under no obligation to act in the premises unless he knew that he could do so lawfully, if he violates the law, he incurs the penalty. The salutary rule that every man is conclusively presumed to know the law is sometimes productive of hardship in particular cases; and the hardship is no greater where the law imposes the duty to ascertain the fact."

It is said in 1 Wharton, Cr. Law, section 88: "It is no defense to an indictment for keeping or selling adulterated or intoxicating liquors that the defendant did not believe them to be intoxicating or adulterated. So, on an indictment for selling adulterated milk, the defendant is not protected by ignorance of the adulteration, or even by belief that the milk was pure; and the same

rule applies to indictment for selling other deleterious drinks. In several States, selling intoxicating liquors to minors is indictable by statute, and in such cases also arises the question whether the defendant knew that the vendee was a minor. Here, again, we have the rule before us applied; it having been repeatedly held that, in cases in which knowledge is not part of the statutory offense, ignorance in this respect, coupled with the honest belief that the vendee was of full age, is not a defense. And the same rule applies to all cases of dealing illegally with minors. It is also no defense to an indictment for selling to persons of intemperate habits that the defendant did not know that the vendee was of intemperate habits, though it is otherwise when the statute makes the offense to be selling to persons of known intemperate habits, in which case knowledge is an ingredient of the prosecutor's case."

In 2 Wharton, Cr. Law, section 1507, after discussing the same question, it is said: "But to such defenses the answer has been already given that when a specific act is made by law indictable, irrespective of the defendant's motive or intent, his belief that he was right in what he did, based on a mistake of fact, is no defense. Eminently is this the case with regard to intoxicating drinks."

In 17 Encyc. Pl. & Pr. p. 384, it is said: "In all prosecutions for violations of the liquor laws, the defendant's ignorance of the intoxicating properties of the liquors sold or kept for sale constitutes no defense. He

is bound at his peril to know whether or not the liquors are intoxicating."

In *Atkins* v. *State*, 95 Tenn., 474, 32 S. W., 391, it is held that one believing that he has a lawful right to operate a gambling contrivance is no defense for violation of the laws against gaming.

In *Moore* v. *State*, 96 Tenn., 544, 35 S. W., 556, the trial judge charged the jury that the statute against the sale of intoxicating liquors "was intended to and did prohibit the sale as a beverage of wine, ale, and beer, and also all other liquors which were intoxicating, whether called beer, wine, whisky, ale, cider, hop tonic, or whatever name they be known by, and that defendant could not lawfully sell hop tonic or cider within four miles of a schoolhouse where school is kept, if such hop tonic or cider was intoxicating, and would make men drunk, and was sold as a beverage, and was not in an incorporated town."

"This," says the court, through Caldwell, J., "is a sound interpretation of the law applicable to the case before the court—a construction manifestly in accord with the contemplation of the legislature."

So it can make no difference under what guaranty plaintiff in error purchased the cider. If he sells it, he must know at his peril whether it is intoxicating or not; and his belief that it was not, however honest, is no excuse.

The result is that this second assignment of error is overruled, and the judgment of the circuit court is affirmed.