(100 So. 629)
### GLAZE v. STATE. (5 Div. 433.)

(Court of Appeals of Alabama. April 15, 1924. Rehearing Denied May 13, 1924.)

1. **Intoxicating liquors** &lt;&#8658;137—**Manufacture of beer containing alcohol held violation of statute.**

Manufacture of beer containing alcohol *held* to violate statute prohibiting distilling, making, or manufacturing of alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which is alcohol.

2. **Intoxicating liquors** &lt;&#8658;238(1)—**Evidence held to make case for jury.**

In prosecution under indictment charging the distilling, making or manufacturing of alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, evidence *held* sufficient for submission of case to jury.

3. **Criminal law** &lt;&#8658;753(2)—**Defendant not entitled to directed verdict, where there was some evidence tending to prove him guilty under one count.**

Where there was some testimony showing or tending to show defendant guilty under one count of indictment, court was not authorized to direct a verdict for defendant.

Samford, J., dissenting.

Appeal from Circuit Court, Chambers County; Lum Duke, Judge.

Troup Glaze was convicted of distilling, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Glaze, 211 Ala. 418, 100 South. 630.

Hooton & Hooton, of Roanoke, and D. W. Jackson, of Lafayette, for appellant.

The evidence was not sufficient to warrant a conviction. Moon v. State, 19 Ala. App. 176, 95 South. 830.

Harwell G. Davis, Atty Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The making of beer is prohibited by law. Patterson v. State, 18 Ala. App. 55, 88 South. 360.

BRICKEN, P. J. The first count of the indictment, under which this defendant was convicted, charged that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law.

During the trial of this case several objections were interposed, but no exceptions were reserved to the rulings of the court, except in one instance, and that exception is without merit.

But one question is presented: The refusal of the affirmative charge requested in writing by defendant.

[1, 2] The undisputed testimony in this case shows that the defendant was found by the state witness alone at a still in Chambers county within the time covered by the indictment; that in addition to a complete still there was also about 60 gallons of beer, which, in the language of witness J. W. Lane, contained alcohol, the witness stating, "I would say that the condition of the beer was ripe. I drank some of it. It had alcohol in it." There was testimony showing that the officers were hidden near the still, which had been discovered by them, and, after waiting and watching for about two hours, they saw

the defendant go to the still, coming from the direction of his home. That he carried to the still a lot of "kindling" in a sack, and also some empty containers, and that he was in the act of making a fire under the still when the officers approached and arrested him. These facts, together with others of similar import, we think, made a question for the determination of the jury, and under these facts the defendant was not entitled to the general affirmative charge. If the beer in question contained alcohol, and as to this proposition the evidence was not in conflict, and if the defendant made that beer, his acts in so doing came within the terms of the statute which prohibits the distilling, making, or manufacturing any alcoholic, spirituous, malted, or mixed liquors or beverages, any part of which is alcohol, and the terms of this statute are violated, if the liquor or beverage so made or manufactured contains alcohol, even though such liquor or beverage was not made by the process of distilling. It is sufficient if such liquor or beverage is made or manufactured in any manner, and the state is not required to show that such liquor or beverage, a part of which is alcohol, was actually distilled into whisky or other spirituous liquor or beverage. Floyd v. State, 18 Ala. App. 647, 94 South. 192.

[3] The defendant was present and alone at the still. There was testimony tending to show possession or ownership by defendant, and that he was exercising superintendence and control thereof. As to whether the testimony introduced upon the trial of this case was sufficient to meet the burden of proof always necessary in the trial of a criminal case, this was a question for the jury. Unquestionably there was some testimony showing or tending to show the guilt of the defendant as charged in count 1 of the indictment; this being true, the court would not be authorized to direct the verdict, for the general rule is that the affirmative charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Lee v. State, 18 Ala. App. 566, 93 South. 59; Anderson v. State, 18 Ala. App. 585, 93 South. 279.

No error appearing in any ruling of the court which is presented for our consideration, and the record being also free from error, the judgment of the circuit court of Chambers county is affirmed.

Affirmed.

SAMFORD, J. (dissenting). It seems to me that the majority is in error in this case, in that they have assumed without sufficient proof that the "beer" or "mash" from which whisky is distilled is capable of being used for beverage purposes. As used in our statutes defining the term (Acts 1915, p. 1, § 1, and Acts 1919, p. 7, § 1), the word liquor is not used in that broad sense, which means any fluid or liquid, but is used in conjunction with the word beverage. Section 1, Acts 1915, begins: The term "prohibited liquors and beverages;" and throughout the entire system of laws enacted in this state the evident intent of the Legislature was to prohibit the manufacture of liquors capable of being used as a beverage. Extracts of various kinds, medicines of many varieties, are in the broader sense liquors, but, not being capable of being used as a beverage, are not affected by the statutes. The foregoing is in line with the great weight of authority. Foster v. State, 36 Ark. 258; People v. Hawley, 3 Mich. 330; Tomkins County v. Taylor, 21 N. Y. 173; Moore v. State, 96 Tenn. 544, 35 S. W. 556; Malone v. State (Tex. Cr. App.) 51 S. W. 381; Luther v. State, 83 Neb. 455, 120 N. W. 125, 20 L. R. A. (N. S.) 1146; 15 R. C. L. 248 (4). In Pennell v. State, 141 Wis. 35, 123 N. W. 115, it was held that the word "liquor" in a statute regulating or forbidding the sale of intoxicants means an alcoholic beverage. In Austin v. Shelton, 122 Tenn. 634, 127 S. W. 446, liquor is defined as being confined to beverages when used in prohibition statutes. To the same effect are the cases of Allen v. Carbonic Co., 170 Fed. 315, 95 C. C. A. 11. The defendant under the evidence could not be convicted of manufacturing a distilled liquor, and, if guilty, must be proceeded against under the third definition as set out in section 1, Acts 1915, p. 1, on a charge of fermenting or brewing a liquor or beverage.

It was in evidence there was present one and one-half barrels of beer or mash from which whisky was distilled, that this contained alcohol, and the officer even said he drank some of it. But there was no evidence that defendant made it or fermented it, or that the fluid or liquid was capable of being used as a beverage. There was evidence of defendant's possession, but not of manufacture, there was no evidence of the stuff being a beverage or capable of being used as such. Under the evidence the defendant might have been convicted of possessing a still, but of this charge he was acquitted. On another trial the evidence may be adduced sufficient to convict the defendant, but it does not appear in this record. There is not an authority to be found in all the realm of judicial decisions contrary to the rule as stated above.