(104 So. 352)

**STEWART v. STATE.   (6 Div. 701.)**

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied May 12, 1925.)

**1. Intoxicating liquors ⬟238(1)—Evidence held sufficient to go to jury.**

In prosecution for manufacturing whisky, evidence held sufficient to go to jury.

**2. Intoxicating liquors ⬟236(19)—Evidence held to sustain conviction.**

In prosecution for manufacturing intoxicating liquor, evidence held to sustain conviction.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Cicero Stewart was convicted of manufacturing whisky, and he appeals. Affirmed.

Paine Denson, of Cullman, for appellant.

The evidence was not sufficient to sustain a conviction. Haynes v. State, ante, p. 160, 101 So. 167.

----

[1] Ante, p. 62.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence is ample to sustain the conviction.

BRICKEN, P. J. [1, 2] As a result of the earnest insistence of counsel for appellant that the evidence in this case was wholly insufficient to authorize the verdict of the jury and to sustain the judgment of conviction, this court, as a whole, has read and considered the evidence adduced upon the trial of this case. We find that the evidence, without conflict, showed that the defendant was arrested at or near a still. It shows also that in addition to the still there were 12 barrels of beer, some of which had fermented and had alcohol in it. A small quantity of whisky—between a half pint and a pint—was also found in a fruit jar sitting between the barrels of beer. The state's evidence tended to show that this defendant arrived at the still about sunup and went to the beer and examined it, that he took his dinner, wrapped in paper, out of his pocket and stuck it in a hollow log, also that he pulled out an old coat and pair of overalls from under a log and put them on over his clothing. He was arrested by the officers who were in hiding. Defendant denied that he had made the beer or whisky, also that he had put his dinner in the hollow log as testified to by the state's witnesses, and insisted that he did not get an old coat and overalls from under a log and put them on, etc. In other words, the testimony as to his actions at the time and place was in sharp conflict. We think a jury question was presented, and that under the authority of Glaze v. State, 20 Ala. App. 7, 100 So. 629, the evidence was sufficient upon which to predicate the verdict and to sustain the judgment of conviction.

No error appearing, let the judgment of conviction appealed from stand affirmed.

Affirmed.