(109 So. 369)

## BRASHER v. STATE.   (7 Div. 144.)

(Court of Appeals of Alabama.   June 1, 1926.
Rehearing Denied June 29, 1926.)

**1. Criminal law** ⊂⊃753(2).

State's evidence being sufficient to sustain conviction under either count, general charge is properly refused.

**2. Criminal law** ⊂⊃1169(1).

Any error in admitting statement of another is harmless, it not involving or reflecting on defendant.

### On Rehearing.

**3. Criminal law** ⊂⊃753(2).

Under Code 1923, § 3307, authorizing conviction of attempt to commit the offense charged, affirmative charge is properly refused where there is at least evidence of attempt.

**4. Intoxicating liquors** ⊂⊃137.

Manufacture of beer ready to make liquor, and therefore containing alcohol, is violation of law.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Theodore Brasher was convicted of violating the Prohibition Laws, and he appeals. Affirmed.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

The evidence did not authorize a finding that whisky had been made, and the requested affirmative charge as to count 1 should have been given. Gardner v. State, 20 Ala. App. 469, 102 So. 914. Possession of a still denotes ownership and interest in or control over same. Stanley v. State, 20 Ala. App. 387, 102 So. 245. A statement made by another in the presence or hearing of defendant, and to which he made no reply, cannot be received in evidence against him, unless of such nature as would naturally call for a response. Lawson v. State, 20 Ala. 65, 56 Am. Dec. 182; Amos v. State, 123 Ala. 54, 26 So. 524; Davis v. State, 131 Ala. 17, 31 So. 569.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The general affirmative charge was properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. Rulings on admission of evidence were without error. Davis v. State, 131 Ala. 17, 31 So. 569; Nuby v. State, 19 Ala. App. 424, 97 So. 767.

SAMFORD, J. Defendant was convicted under an indictment in two counts charging separately manufacturing whisky and possessing a still. There was a general verdict of guilt and judgment thereon, from which defendant appeals.

[1] The evidence as to the material issues was in conflict. That for the state being sufficient to sustain a conviction under either count in the indictment. The general charge was therefore properly refused.

[2] The court perhaps erred in permitting the state to prove what Charlie, the other party caught at the still, said to the officers after the arrest and while all of the parties, including defendant, were walking along the road. The statement, even if heard by defendant, was not such as to call for a denial by him. But the statement in no way involved the defendant nor reflected on him in the least. The error was without injury.

The court in his oral charge and in written charges given at the request of defendant covered every phase of the law of the case when correctly stated in refused charges.

The other exceptions are without merit. We have read the record. The defendant has had a fair trial, without prejudicial error, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[3, 4] Insistence is now made that under the evidence the defendant was entitled to the affirmative charge as to count 1 of the indictment. This charge was properly refused for two reasons: (1) Under the evidence the defendant was attempting to distill liquor, and even if he had not actually completed the manufacture, he could have been convicted under the first count of an attempt. Code 1923, § 3307. (2) The evidence was that "They (defendant and another) had six or eight barrels of beer there ready to make liquor and the still was full of beer." If the beer was ready to make liquor it contained alcohol, and if it contained alcohol its manufacture was a violation of law. Glaze v. State, 20 Ala. App. 7, 100 So. 629.

The application for rehearing is overruled.