(117 So. 910)

BLAIR et al. v. STATE. (7 Div. 445, 446.)

Court of Appeals of Alabama. June 30, 1928.

Rehearing Denied Aug. 7, 1928.

A. L. Crumpton, of Ashland, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. These two appellants and another were jointly indicted for the offenses stated in counts 1 and 2 of the indictment. The first count charged that the defendants did distill, make, or manufacture spirituous, malted, or mixed liquors or beverages a part of which was alcohol. The second count, in proper form and substance, charged them with the possession of a still to be used for that purpose. Upon motion of the state a severance was granted as to the defendant Corbett Blair, and these two appellants were jointly tried and convicted "as charged in the indictment." Both appealed to this court.

Under authority of Glaze v. State, 20 Ala. App. 7, 100 So. 629, and Ex parte Glaze, 211 Ala. 418, 100 So. 630, the refusal of charge 5 was proper. And likewise the exceptions to portions of the oral charge were without merit.

There is no aspect of this case, under the evidence, which entitled the defendants to the affirmative charge as to either count of the indictment. The argument advanced in behalf of appellants to the effect that the offense complained of in the first count of the indictment was incomplete cannot avail the defendants. Even if this were true, the affirmative charge was not in point under the provisions of section 3307 of the Code 1923. See, also, Corkran v. State, 203 Ala. 513, 84 So. 743.

State witness Owen testified as to manner or means by which he could ascertain if the beer in question contained alcohol. He qualified that he could do so by certain examination, and by smelling, etc., and we are urged to judicially declare that this part of his evidence was untrue and that the stated test was impossible of accomplishment. This we are unauthorized to do. If, as insisted, his testimony along this line is far fetched and unreasonable, this is a matter that goes to the jury for its consideration in applying such probative force to his evidence as they may deem proper. The state was entitled to this evidence, under the status shown, for whatever it was worth.

The conflicting evidence adduced upon this trial presented a jury question. We discover no error in any ruling of the court which would justify a reversal of the judgment of conviction appealed from. The record is regular also. Let the judgment aforesaid stand affirmed.

Affirmed.