140 So. 622

## LAYFIELD v. STATE.
### 7 Div. 856.

Court of Appeals of Alabama.
Feb. 16, 1932.

Rehearing Denied March 22, 1932.

48

Metz & Berkowitz, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

One of the disputed questions involved in this case is as to the venue. On this question the evidence was in conflict, that for the state that the still was located in St. Clair county or within one-quarter of a mile of the line and the evidence for defendant tending to prove the location to be more than one-quarter of a mile from the line and in Blount county. In this state of the evidence the defendant requested the following charge: "I charge you gentlemen of the jury, that if you have a reasonable doubt that said still was within one-fourth of a mile of St. Clair County, then there would be no doubt as to the County line, and you must acquit the defendant." In the first place this charge is invasive of the province of the jury in that it takes away from them the right to weigh the evidence on the question of the location of the county line. Moreover, the court in its general charge fully covered this phase of the case.

Exception is taken to that part of the court's oral charge as follows: "Well, it is unlawful to manufacture beer containing alcohol in the State of Alabama, that is a prohibited liquor under the laws of this State, and decided by the Court of Appeals. So you ascertain from the evidence as to whether or not beer was found there, and whether or not it contained alcohol, because that is essential; whether or not it was ripe beer containing alcohol. If so, then it was unlawful to manufacture such in the State of Alabama, and if beer of such a nature and character was there made, either in the Northern Judicial Division of this County, or within a quarter of a mile of the County line, although it may have been in Blount County, or so close as to render it doubtful in which County the still was located, and within three years before the finding of this indictment, and if this defendant made the beer, or aided or assisted in the making of that beer, why then he would be guilty as charged in the first count of the indictment."

The writer was at one time in accord with the contention of appellant's counsel and expressed his views in a dissenting opinion in Glaze v. State, 20 Ala. App. 7, 8, 100 So. 629, but the majority of the court held otherwise and laid down the rule as there stated, to wit: "Manufacture of beer containing alcohol held to violate statute prohibiting distilling, making, or manufacturing of alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which is alcohol." On certiorari this holding was approved. Ex parte Glaze, 211 Ala. 418, 100 So. 630. Since the decision in the Glaze Case the rule has been settled. Daugherty v. State, 22 Ala. App. 400, 116 So. 308; Grant v. State, 22 Ala. App. 475, 117 So. 1; Blair v. State, 22 Ala. App. 574, 117 So. 910. The charge of the court was in exact accord with the foregoing decision and was free from error.

We find no error in the record, and the judgment is affirmed.

Affirmed.