**William KELLY et al., Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 24, 1972.

Certiorari Denied by Supreme Court March 6, 1972.

Edward F. Hurd and D. M. Amick, Newport, for plaintiffs in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Henry F. Swann, Dist. Atty. Gen., Dandridge, for defendant in error.

## OPINION

RUSSELL, Judge.

The three plaintiffs in error, William Kelly, Les Hans and Roger Sexton, were charged with armed robbery and assault with the intent to commit robbery upon one John Roberts. The jury convicted of simple assault and battery (Kelly as the perpetrator and Hans and Sexton as aiders and abettors), set $500 fines, and the trial judge added a 360 day jail sentence for each.

Kelly and Hans were procured by Sexton, according to all of them, to fake a robbery of the premises of Mr. Roberts' son-in-law, where Roberts was grabbed and tied with adhesive tape, after which Kelly and Hans proceeded to ransack the premises until law officers arrived and arrested them. By their own admissions, Kelly and Hans committed the battery for which they stand convicted, and no argument is presented to the contrary.

The question urged is as to whether or not Sexton is guilty of aiding and abetting, or otherwise guilty as a principal, since he was not physically upon the premises when the battery was committed. The evidence against Sexton all arises from what he, Kelly and Hans have admitted under oath upon this and prior trials. Charged with robbery, and after Kelly and Hans were caught in the very act, they have all three contended that they were employed to stage a fake robbery. Sexton claims that he was contacted by Mr. Bailey, the owner of the premises involved, and engaged to stage the fake robbery; that Hans was contacted by Sexton by telephone in Detroit and propositioned to execute the scheme; that Hans procured Kelly to assist; that Hans and Kelly drove to Knoxville and there got with Sexton and received partial payment from him from what he had already collected from Bailey; that Sexton, Hans and Kelly drove to Newport, stopping in route to purchase adhesive tape, etc., at a store chosen by Sexton; that Sexton went with them to the Bailey home, fully briefed them on who would be there, etc., and pointed the house out to them, and then had them take him to his parked car in another part of town; whereupon, Hans and Kelly immediately returned to the scene, perpetrated the offense, and were caught. Sexton grew impatient when they did not return to him as scheduled, and determined by inquiry that they had been caught. It was Sexton who was to collect the balance of the promised $1500 and distribute it among the three. (Only $500 had been collected and distributed.)

■ We hold that in this context Sexton was properly convicted as a principal. In misdemeanors, all participants aiding or assisting, whether present or absent, if guilty at all, are guilty as principals. State v. Smith, 10 Tenn. 272; Curlin v. State, 12 Tenn. 143; Fugate v. State, 21 Tenn. 397;

State v. Caswell, 21 Tenn. 399; Muller v. State, 79 Tenn. 18; Daly v. State, 81 Tenn. 228; Dunn v. Bell, 85 Tenn. 581, 4 S.W. 41; Atkins v. State, 95 Tenn. 474, 32 S.W. 391; Webster v. State, 110 Tenn. 491, 82 S.W. 179.

■ The final assignment of error complains that the trial judge erred in asking a defense witness if he was still a deputy sheriff. (The man was not.) This is said to have implied to the jury that the witness was not to be believed.

We, of course, cannot know how the question was asked, relative to tone, emphasis, etc. We note that no contemporaneous objection was entered. We find no reversible error.

We affirm the conviction.

MITCHELL and DWYER, JJ., concur.