(108 So. 268)

## ABEL v. STATE.    (8 Div. 399.)

(Court of Appeals of Alabama.    April 6, 1926.
Rehearing Denied April 20, 1926.)

1. Intoxicating liquors ⊝⇒238(1).

In prosecution for manufacturing intoxicating liquors and possession of still, conflicting evidence *held* to make question of defendant's guilt one for jury.

2. Criminal law ⊝⇒798(1)—Charge entitling defendant to acquittal, if there was a reasonable doubt of defendant's guilt in mind of any member of jury, held properly refused.

Charge authorizing verdict of not guilty, if there was reasonable doubt of defendant's guilt in mind of any member of jury, *held* properly refused, since, should there be no unanimous verdict, a mistrial would follow of necessity.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Frank Abel was convicted of violating the prohibition laws, and he appeals. Affirmed.

Stell & Quillin and Hamilton & Thomas, all of Russellville, for appellant.

Defendant was entitled to the affirmative charge. Stanley v. State, 20 Ala. App. 387, 102 So. 245; Moody v. State, 20 Ala. App. 572, 104 So. 142; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Guin v. State, 19 Ala. App. 67, 94 So. 788.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The charges requested by defendant were well refused. Pellum v. State, 89 Ala. 28, 8 So. 83; Glaze v. State, 20 Ala. App. 7, 100 So. 629; Brown v. State, 20 Ala. App. 41, 100 So. 616.

BRICKEN, P. J. This appeal is from a judgment of conviction for the offense of distilling, making, or manufacturing alcoholic, spirituous, or malt liquor, a part of which was alcohol; also for the possession of a still to be used for such purpose.

[1] The principal question presented upon this appeal is, Was there sufficient evidence adduced upon the trial of this case to submit the question of the guilt or innocence of the defendant to the jury. The insistence of the defendant is that, as a matter of law, the court should have directed the jury to return a verdict for the defendant. On the other hand, the state insists that the material facts, as shown by the evidence, were in conflict, and that as a consequence the court was without authority to direct the verdict. This, as stated, is the important question. Other insistences are urged, but we regard them as being untenable.

The evidence in this case has been carefully considered, and we are of the opinion the court properly submitted the case to the jury for its consideration and determination. From this conflicting evidence we do not think the defendant was entitled to the general affirmative charge.

The evidence is without dispute that this appellant was present, with two others, at the still in question, on the occasion of the visit to the still by the arresting officers. His

---

⊝⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mere presence there upon that occasion, without more, would not be sufficient upon which to predicate a verdict of guilt as to either of the two offenses charged in the indictment. We are of the opinion, however, that the following facts testified to by the state witnesses tended sufficiently to connect the defendant with the still and its operation to make a question for the jury. In substance, the state's witnesses testified: That on June 21st, at about 9 or 10 o'clock in the morning, they found a complete still of about 40 gallons capacity, all set up with fire under it, with the cap on it, and with the flakestand and worm attached, and in full operation with whisky running out of the worm, and that there was five and a half gallons of whisky there, and that it was warm. They saw the defendant there at the still, in this connection, and, in response to the question of the solicitor: "What was he doing?" witness Carter replied: "He was pouring whisky into a measuring cup." "Pouring some whisky out of a measuring cup in through a funnel in a jug." Carter further testified relative to defendant: "I saw him pouring the liquor in a small glass pint jar, and filling this measuring cup out of a stone large jar, and he filled this measuring cup, and they were measuring up in a stone jug. He had on his working clothes." And state witness Walter Todd testified, among other things: "I know the defendant. I saw him at the still, which was in operation," and, in response to the question by solicitor: "What did you see the defendant Abel do?" he answered: "I was ahead of Mr. Carter. When I got in sight where I could see Abel, he kinder had his side to me; he was turning up the whisky and pouring it into a jug. He had nearly a gallon in the bucket, and had the pitcher in his hand when I ran in on him and arrested him. Abel made an attempt to run," etc. In refutation of this evidence defendant contended, and so testified, that he was there merely as a guest, and was only taking a drink, and that he was not measuring up the liquor, as testified to by the state's witnesses. As stated, from the quoted evidence, and other of like import, we conclude that it was for the jury to say which insistence was the true one.

[2] All the special charges requested, except charge A, were the affirmative charges for the defendant. They were properly refused. Charge A does not contain a correct statement of law, for a reasonable doubt of the defendant's guilt "in the mind of any member of the jury, does not authorize the jury to return a verdict of not guilty." All verdicts of juries in this state must be the unanimous verdict of twelve men. Should there be no unanimous verdict, a mistrial of the cause would follow of necessity.

We find no error in any ruling of the court which injuriously affected the substantial rights of this appellant. The record proper is also without error. Let the judgment of conviction appealed from stand affirmed.

Affirmed.