(95 South. 591)

### NALLS v. STATE. (4 Div. 731.)

(Court of Appeals of Alabama.    March 6, 1923.)

**1. Criminal law ⬡368(3), 683(1)—Evidence of conversation of wife of accused with deputy sheriff at time of arrest held admissible as res gestæ and in rebuttal.**

In a prosecution for the violation of the prohibition laws, where witnesses for the state testified that, when they went to defendant's home, the wife of accused was sleeping in the room adjoining where the still was found, defendant's evidence that his wife came into the house a little later, and that she was crying and asked the deputy what he had her husband arrested for, and he replied that her husband had violated no law, but he was going to put him on the hard roads for objecting to the searching of his house, was admissible as part of the res gestæ and in rebuttal.

**2. Witnesses ⬡383—Cannot be impeached on immaterial matter.**

It is not permissible to impeach a witness by contradictory statements on an immaterial matter.

**3. Witnesses ⬡388(2)—Predicate must be laid to impeach witness by contradictory statements.**

To impeach a witness by contradictory statements, a predicate is required in order to prevent surprise and give the witness an opportunity to explain.

**4. Witnesses ⬡388(10)—Predicate to impeach witness for contradictory statements must particularize time and place, circumstance, and persons involved, and the statements made.**

To properly lay a predicate for the impeachment of a witness by contradictory statements, the attention of the witness should be called to the time and place, circumstance, and persons involved, and the statements made which relate to the matters material to the issue.

**5. Witnesses ⬡388(10)—Rule to impeach witness by contradictory evidence does not require perfect precision as to time, place, circumstance, or persons involved in statements made.**

The rule that, to properly lay a predicate for the impeachment of a witness by contradictory statements, the attention of the witness should be called to the time and place, circumstance and persons involved, and the statements made relating to the matters material to the issue, does not require a perfect precision as to time and place, etc., but is sufficient when it is clear that the witness is not taken by surprise and is afforded an opportunity to make any explanation desired.

**6. Witnesses ⬡388(10)—Impeaching evidence held not admissible because proper predicate not laid.**

In a prosecution for a violation of the prohibition laws, where the solicitor on cross-examination of defendant's witness called his attention to a former statement made alleged

to be contradictory, but failing to state the time and place thereof, it was inadmissible as impeaching evidence because the proper predicate was not laid.

**7. Witnesses ⬡388(2)—Impeaching evidence held not admissible because at variance with predicate laid.**

In a prosecution for a violation of the prohibition law, testimony of the sheriff as to statements made by a witness for defendant was inadmissible as impeaching testimony because the proper predicate was not laid, and because it differed in a marked degree from the predicate laid.

**8. Criminal law ⬡338(4, 5)—Statement to sheriff by defendant's witness requesting immunity held not admissible.**

In a prosecution for a violation of the prohibition law, the fact that a witness for defendant came to the sheriff and asked him to let him plead guilty to violating the prohibition law so that he could pay it out could not bind accused, who alone was on trial, and was res inter alios acta.

**9. Criminal law ⬡517(3)—Witnesses ⬡248(2)—Evidence of implied confession not responsive to question and for which no predicate laid inadmissble.**

In a prosecution for the violation of the prohibition laws, evidence by the sheriff that a witness for the defense had requested that he be allowed to plead guilty to a violation of the prohibition law so that he could pay it out was not admissible, for the reason that it was not responsive to the question propounded, and a voluntary statement upon the part of the witness wherein he gave testimony against the defendant in the nature of an implied confession for which no predicate was laid.

**10. Witnesses ⬡345(2)—Admission of indictment for impeaching purposes held erroneous.**

In a prosecution for a violation of the prohibition law, the admission of evidence that a witness for the defense had been indicted for distilling prohibited liquors and of unlawfully possessing a still for the purpose of impeachment was erroneous.

**11. Witnesses ⬡345(1)—Conviction of crime involving moral turpitude admissible as affecting credibility of witness.**

Where a witness had been convicted of a crime involving moral turpitude, this fact may be shown and is permissible as affecting his credibility under Code 1907, § 4008.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Marion Nalls was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

By special pleas defendant interposed the defense that the state had no jurisdiction over the subject-matter of the offense charged, since the adoption of the Eighteenth Amendment to the federal Constitution and passage by Congress of a National Prohibi-

---

tion Act (41 Stat. 305) had effected to supersede the state laws.

Farmer, Merrill & Farmer, of Dothan, for appellant.

A witness cannot testify to what another witness knows about a matter. 16 Ala. App. 546, 79 South. 802. The statement by a witness that he found a still was a conclusion, and should not have been allowed. 79 South. 394. It was error to sustain objection to the question to the witness Mills as to the condition or appearance of defendant's wife. 94 Ala. 9, 80 South. 155; 17 Ala. App. 592, 88 South. 45. In order to impeach a witness by contradictory statements, a predicate must be laid to prevent surprise. 203 Ala. 162, 82 South. 192; 196 Ala. 349, 71 South. 719; 1 Greenl. on Ev. (16th Ed.) § 462; 194 Ala. 11; 18 Ala. App. 319, 91 South. 892; 18 Ala. App. 389, 92 South. 238. It is error to impeach a witness on an immaterial matter. 18 Ala. App. 389, 92 South. 238; 159 Ala. 14, 48 South. 858; 151 Ala. 125, 44 South. 60; 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; 137 Ala. 33, 34 South. 818; 134 Ala. 1, 32 South. 704; 96 Ala. 29, 11 South. 478.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The rulings of the court upon the pleadings in this case were without error. Powell v. State, 18 Ala. App. 101, 90 South. 138.

The indictment upon which the defendant was tried contained, finally, one count; and charged that the defendant did possess a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, subsequent to the 1st day of December, 1919, etc.

There appears no necessity to discuss many of the exceptions reserved during this trial; the court's rulings in numerous instances are clearly free from error.

U. G. Watford, the principal state witness, was permitted to testify to all the attending facts and circumstances in connection with the finding of a still, etc., in defendant's home, and as to the arrest by him of the defendant, who was present at the time, and as to what was said and done by those present, stating their location, etc., and in this connection he testified:

"Marion Nalls and Arthur Silcox and Nalls' wife were in the house. Mrs. Nalls was in the room adjoining where the still was, and was asleep or in bed."

And he also testified that "I went into the room where his (defendant's) wife was as he opened the door."

State witness Talmadge May testified, "I heard defendant's wife in another room, but did not see her."

Genus, Mills, for the defendant, testified that when the officers came to defendant's house, Mrs. Nalls was at Arthur Silcox's house, and that she came to defendant's house a little later on. The defendant then asked this witness, "What was her condition?" The state objected to the question, but assigned no grounds of objection. The defendant thereupon stated to the court that the witness, if permitted to do so, would testify that the wife of the defendant was crying and asked Watford, the deputy sheriff, what he had her husband arrested for, and that Watford told Mrs. Nalls then and there that her husband had violated no law, but he was going to put him on the hard roads for objecting to him searching his house. The state renewed its general objection, and the court sustained it; defendant duly excepted. The defendant also asked this same witness, "How did she appear?" and, "How did she seem?" but the court would not permit witness to answer.

[1] We are not prepared to agree with counsel for appellant that this testimony was permissible upon the theory as advanced by them; but we are of the opinion that it was relevant and admissible as a part of the res gestæ and also in rebuttal and in direct contradiction of the testimony of the state's witnesses hereinabove referred to. For these reasons the objections should not have been sustained, and the court erred in so doing.

[2-6] During the progress of this trial, the solicitor, in an attempt to impeach several of the defendant's witnesses, laid several predicates and afterwards offered testimony to prove these predicates. There are two well-established rules relating to evidence of this character: (1) It is not permissible to impeach a witness on an immaterial matter; (2) to impeach a witness by contradictory statements, a predicate is required in order to prevent surprise and give the witness an opportunity to explain. To properly lay a predicate, therefore, the attention of the witness should be called to the time and place, circumstance, and persons involved, and the statements made, which, as before stated, should relate to matters material to the issue. If this is done, the rule is satisfied. The rule, however, does not require a perfect precision as to time and place, etc., but is sufficient when it is clear that the witness is not taken by surprise and is afforded an opportunity to make any explanation desired. Even with this latitude the predicates laid and attempt to prove same, in the case at bar, in several instances, show a lack of necessary precision, and some of them also relate to immaterial matters. On cross-examination of defendant's witness

Arthur Silcox, the solicitor laid the following predicate:

"Don't you know you told them, told these boys, those three I am talking about, Ulus Watford, Talmadge May, and W. J. Adams, that you wouldn't hate it so much but for the fact that you were elected superintendent of the Sunday school the Sunday before?"

And over every conceivable ground of objection the witness was required to answer the question. The following grounds of objection were interposed to the question when propounded, and similar objections were made when this predicate was sought to be proven by the witnesses named. Objections: (1) It called for illegal testimony; (2) it called for immaterial testimony; (3) it called for irrelevant testimony; (4) it called for incompetent testimony; (5) it called for inadmissible testimony; (6) it called for hearsay testimony; (7) it called for impeaching testimony, and no proper predicate had been laid for the introduction of such impeaching testimony; (8) it called for testimony that tended to impeach the witness, and no proper predicate had been laid for the introduction of such impeaching testimony; (9) it called for testimony that tended to impeach the witness, and no proper predicate was laid, calling the attention of the witness to the time of the alleged statement; (10) it called for testimony that tended to impeach the witness, and no proper predicate was laid calling the attention of the witness to the place of such alleged statement; and (11) it called for testimony that tended to impeach the witness, and no proper predicate was laid calling the attention of the witness to the parties present and to the time and place said alleged statement was made. Some of these objections were well taken and should have been sustained. As to whether the witness Silcox would not hate it 'so much but for the fact that he had been elected superintendent of the Sunday school the Sunday before was not a material inquiry touching the guilt or innocence of this defendant, and grounds of objections 1, 2, 3, 4, 5, and 6 went directly to this point. That the predicate was not full enough as to time and place and as to who was present is self-evident, and grounds of objections 7, 8, 9, 10, and 11 specifically point out these deficiencies.

[7-9] There was also similar error in the rulings of the court upon the predicate laid to this witness Silcox as to alleged statements made by him to the sheriff, Alex May. In the first place, the predicate laid to the witness does not meet the required rule; and, secondly, the proof offered to sustain the predicate—the testimony of Sheriff May—differs in a marked degree from the predicate laid, and for this reason objections to his answer should have been sustained. Moreover, the fact, if it be a fact, that witness Silcox did come to the sheriff, and on each occasion asked the sheriff to let him plead guilty to violating the prohibition law so that he could pay it out, and let the still business go, could not be binding upon this defendant who alone was on trial in this case. This matter was clearly res inter alios acta, and proof thereof in our opinion was error clearly affecting the substantial rights of the defendant. Another reason why the answer of Sheriff May should have been excluded, this answer was in many respects not responsive to the question propounded, as he had not been interrogated relative to the defendant having come to him for a similar purpose, and his answer relative to defendant was a voluntary statement upon the part of the witness wherein he gave testimony against the defendant in the nature of an implied confession for which no predicate was laid as is required by the elementary rules of evidence in order to show that the confession, if made, was voluntary. Carr v. State, 17 Ala. App. 539, 85 South. 852.

[10, 11] Furthermore, we think it was error to permit the solicitor to offer in evidence an indictment preferred by the grand jury against this witness Silcox, charging this witness with distilling prohibited liquors, and, in the second count, with the offense of unlawfully possessing a still. If this indictment was offered by the state for the purpose of contradicting witness Silcox, it was not permissible for the reason that the fact that the grand jury had indicted witness Silcox for the offenses charged could not, and should not, weigh against this defendant on the trial of his case. If the indictment against this witness was offered for the purpose that the fact he had been so indicted should be weighed by the jury in considering his testimony, it was equally inadmissible, for the law is that a mere accusation against a witness cannot be considered in weighing his testimony in order to impeach him or for any other purpose. It is true that, if a witness has been convicted of a crime involving moral turpitude, this fact may be shown and is permissible as affecting his credibility. Code 1907, § 4008. But here, even if it had been shown that this witness had in fact been convicted of the charge contained in the indictment, notwithstanding the offense charged was a felony under the statute, that fact could not be shown in evidence for the purpose of affecting his credibility. Ex parte Marshall (In re Marshall v. State) 207 Ala. 566, 93 South. 471.

Other questions presented need not be discussed; in the main, the insistences of counsel do not appear to be well taken, for the rulings complained of relate to matters pertaining to the res gestæ of the offense, and, as such, were admissible.

For the errors designated, the judgment of the circuit court, appealed from, is reversed, and the cause remanded.