### CARAWAY v. STATE. .(4 Div. 1000.)

. (Court of Appeals of Alabama. Nov. 18, 1924.)

1. Criminal law ⊛⇒531(1)—Confessions prima facie involuntary.

Confessions are prima facie involuntary and must be shown to have been voluntarily made before they can be received in evidence.

2. Criminal law ⊛⇒532(½)—Court required to consider condition, situation, and character of defendant and circumstances under which confession was made in determining its character.

When a confession is offered in evidence, it is the court's duty to determine on consideration of the condition, situation, and character of the defendant, and the circumstances under which it was made, whether confession was voluntary.

3. Criminal law ⊛⇒517(1)—Confessions admissible in absence of threats or inducements.

Where no threats are made or inducements offered, the confessions are admissible.

4. Criminal law ⊛⇒1144(12)—Admission of confession over defendant's objection presumed correct on appeal.

The presumption, on appeal, is in favor of the correctness of court's ruling admitting confession over defendant's objection, and appellate court will not reverse judgment unless record affirmatively shows manifest error.

5. Criminal law ⊛⇒531(2)—Officer testifying as to confession could state whether inducements or threats had been made.

Officer who testified as to defendant's confession, could further testify as to whether inducements or threats had been made.

6. Criminal law ⊛⇒423(5)—Evidence of acts and declarations of. party to conspiracy admissible against coconspirators.

When there is proof prima facie sufficient to establish existence of a conspiracy to commit crime, the acts and declarations of one

conspirator in furtherance of the common design to commit the crime are a part of the res gestæ, and the act of all the conspirators and evidence thereof is admissible against all.

7. Criminal law ⊛⇒423(5)—Evidence of acts of coindictee found with the defendant operating stills held admissible.

In prosecution for possession of still, evidence of acts of coindictee who had been found with defendant operating stills, held admissible, being in furtherance of commission of crime and part of the res gestæ.

8. Intoxicating liquors ⊛⇒236(19)—Rule as to proof of corpus delicti in prosecution for possession of still stated.

In prosecution for possession of still, the corpus delicti is proven when there is evidence that defendant was found operating still containing mash from which whisky is made, though no whisky had commenced running from still during operation.

9. Intoxicating liquors ⊛⇒238(2)—Evidence of defendant's possession of still sufficient for submission of question of defendant's control thereof.

In prosecution for possession of still, evidence of defendant's operation of still, held sufficient for submission to jury of question of his control or dominion over still, and his possession thereof.

10. Criminal law ⊛⇒517(4)—Confessions admissible after proof of corpus delicti.

Confessions are admissible after proof of the corpus delicti.

11. Criminal law ⊛⇒753(2)—Refusal of general affirmative charge not error, where evidence was conflicting and sufficient to justify conviction.

Where the evidence was conflicting and there was ample evidence to justify a conviction, refusal of the general affirmative charge for the defendant was not error.

12. Criminal law ⊛⇒829(18)—Refusal of charge as to sufficiency of proof not reversible error in view of other instructions.

Refusal of charge instructing jury to acquit defendant if "not satisfied beyond a reasonable doubt to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of the guilt of the defendant," held not reversible error, in view of other instructions defining reasonable doubt and relating to burden and sufficiency of proof.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

John Caraway was convicted of possessing a still, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

Confessions must be made voluntarily, and without restraint, coercion, or influence of any kind. 3 Cyc. 301; Lett v. State, 19 Ala. App. 298, 97 So. 148; Howard v. State, 19 Ala. App. 373, 97 So. 377. In criminal cases the corpus delicti must be proven; it was

---

not done in this case. Anderson v. State, ante, p. 154, 101 So. 162; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536; Hill v. State, 207 Ala. 444, 93 So. 460. Charge 6 should have been given for defendant. Olden v. State, 176 Ala. 6, 58 So. 307.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Proper predicate for admission of the confession was made. Fincher v. State, 211 Ala. 388, 100 So. 657; Scott v. State, 211 Ala. 270, 100 So. 211. The affirmative charges were properly refused. Goodman v. State, 19 Ala. App. 556, 99 So. 61. Charge 6, being already covered, was well refused. Edwards v. State, 205 Ala. 160, 87 So. 179.

FOSTER, J. The appellant was convicted of the possession of a still or apparatus to be used for manufacturing prohibited liquors.

[1] Confessions are prima facie involuntary, and before they can be received in evidence it must be shown to the court that they were voluntarily made. Newman v. State, 49 Ala. 9; Kelly v. State, 72 Ala. 244; Redd v. State, 69 Ala. 255; Young v. State, 68 Ala. 569; Washington v. State, 106 Ala. 61, 17 So. 546; Stone v. State, 105 Ala. 60, 17 So. 114; 1 Mayf. Dig. p. 206, par. 5.

State witness Dunn after testifying that the defendant made a statement to him was asked by the solicitor for the state the following question:

"Before he [defendant] made that statement, did either one of you, or did anybody in the crowd, offer him any inducement or make any threats toward him to get him to make that statement?"

Objection was interposed by the defendant to the question, and exception reserved to the action of the court in overruling the objection.

[2, 3] When a confession is offered in evidence against a defendant in a criminal trial it is the duty of the court to determine, upon consideration of the condition, situation, and character of the prisoner and the circumstances under which it was made, whether or not such confession was voluntary. Beckham v. State, 100 Ala. 15, 14 So. 859. The preliminary question satisfied the judgment of the trial court of the relevancy and competency of the confession offered, and that it was free and voluntary and the court so declared by its ruling. Where no threats are made or inducements offered, the confessions are admissible. Newell v. State, 115 Ala. 54, 22 So. 572; 1 Mayf. Dig. p. 209, par. 16.

[4, 5] When confessions have been admitted in evidence over the objection of the defendant, the presumption is in favor of the correctness of the trial court's ruling on appeal, and the appellate court will not reverse on account of the admission of such evidence unless the record affirmatively shows that there was manifest error in its admission. Fincher v. State (Ala. Sup.) 100 So. 657; [1] Curry v. State, 203 Ala. 239, 82 So. 489; McCullars v. State, 208 Ala. 182, 94 So. 55; McKinney v. State, 134 Ala. 139, 32 So. 726; Goodwin v. State, 102 Ala. 99, 15 So. 571. The court did not err in overruling defendant's objection to the question propounded to the witness Dunn.

After proper predicate laid, it was competent for the state to show the entire confession of the defendant relating to the commission of the crime and his guilty connection therewith.

[6] When there is proof prima facie sufficient to establish the existence of a conspiracy to commit a crime, the acts and declarations of one conspirator in furtherance of the common design to commit the crime are a part of the res gestæ, and the act of all the conspirators and evidence of such acts and declarations is admissible against all. Hunter v. State, 112 Ala. 77, 21 So. 65; McAnally v. State, 74 Ala. 9.

[7] The court did not err in admitting evidence of the acts of Cody Coggins, a coindictee with the defendant, and one of the men found with the defendant operating the stills, such acts being in furtherance of the commission of the crime with which the defendant was charged, and being part of the res gestæ. It was likewise competent for the state, after proper predicate laid, to show the confession made to witnesses Pittman and Baskin.

[8, 9] Under an indictment charging the possession of a still, the corpus delicti is proven when there is evidence that the defendant was found operating a still containing mash from which whisky is made, although no whisky had commenced running from the still during that operation. The evidence of operation of the still by the defendant was sufficient to submit to the jury upon the question of the defendant's control or dominion over the still, and his possession thereof.

[10] After proof of the corpus delicti confessions are admissible. In the instant case there was proof of the corpus delicti before the confession was offered in evidence.

[11] Charges 3 and 4 refused to defendant were the general affirmative charge for the defendant. The refusal was not error as there was a conflict in the evidence, and there was ample evidence to justify a conviction.

Refused charge 6 is a copy of charge 3 in Olden v. State, 176 Ala. 6, 58 So. 307. This charge was approved in the Olden Case, supra, and in many decisions of the Supreme Court. Bailey v. State, 168 Ala. 4, 53 So.

298, 390; Carroll v. State, 130 Ala. 99, 30 So. 394.

[12] Said charge reads in part as follows:

"If the jury are not satisfied beyond a reasonable doubt to a moral certainty and to the exclusion of every other reasonable hypothesis but that of the guilt of the defendant then they should find him not guilty."

Charges of a similar character have been criticized by the Supreme Court as not predicating the hypothesis of innocence which would require an acquittal upon the evidence in the case. Davis v. State, 188 Ala. 59, 66 So. 67; Edwards v. State, 205 Ala. 160, 87 So. 179; Ex parte State ex rel. Atty. Gen. (Baker v. State), 210 Ala. 320, 97 So. 903, in which the court says:

"It may be seriously questioned, however, that the refusal of such a charge would constitute reversible error, in view of the subsequent decisions of this court condemning charges of similar character as technically bad for not resting the hypothesis of innocence upon the evidence in the case."

But in any event the refusal of the charge was not prejudicial in view of the full and favorable oral instructions given by the court to the jury defining a reasonable doubt, and the burden and sufficiency of proof for conviction. Edwards Case, supra.

We find no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.

