The indictment is in the usual form, charging the defendant with having in his possession a still, apparatus, appliance, device, or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous, or malt liquors, contrary to law. There was demurrer to the indictment on several grounds, but we have so often held similar indictments to be sufficient as not here to require discussion. Taylor v. State, 17 Ala. App. 579,88 So. 205; Barnes v. State, 18 Ala. App. 344, 92 So. 15.
The finding and return of an indictment does not constitute former jeopardy, and, hence, the defendant's motion to quash the indictment was properly overruled, and the state's demurrer to the plea setting up the fact of the return of an indictment was properly sustained.
All of the facts and circumstances, conversations at the still, at the time of the possession and related thereto, were a part of the res gestæ and admissible in evidence. The court so ruled without error.
Charge L is never a good charge, unless predicated on circumstantial evidence. McKenzie v. State, 19 Ala. App. 319,97 So. 155.
The other refused charges, where they stated correct propositions of law, were fairly and fully covered by the court in his oral charge to the jury.
We find no error in the record, and the judgment is affirmed.
Affirmed.