(107 So. 730)
**CARR v. STATE.** (7 Div. 203.)

(Court of Appeals of Alabama. March 16, 1926.)

**1. Criminal law ⚖️517(4)—Defendant's admissions, at scene and on occasion of alleged crime, are admissible as res gestæ, without independent proof of corpus delicti.**

Statements of defendant, at scene and on occasion of alleged crime, are admissible as part of res gestæ, even though in nature of confession or admission of guilt, and sufficient independent proof of corpus delicti had not been offered.

**2. Criminal law ⚖️535(2).**

Mere extrajudicial confession, uncorroborated by other facts, is not sufficient to show corpus delicti, and cannot support conviction.

3. **Criminal law** ⊗⟹534(2)—**Facts and circumstances attending particular offense are admissible to corroborate extrajudicial confession.**

Evidence of facts and circumstances attending particular offense, or having just tendency to lead mind to conclusion that offense was committed, are admissible to corroborate extrajudicial confession.

4. **Criminal law** ⊗⟹535(2).

Inconclusive facts and circumstances, tending prima facie to show corpus delicti, may be aided by admissions or confessions of accused, to support conviction.

5. **Criminal law** ⊗⟹535(2)—**Evidence which independent of admissions or confessions of defendant did not afford legitimate inference of commission of crime held insufficient to support conviction.**

Evidence which, independent of admissions or confessions of defendant as res gestæ, does not afford legitimate inference of commission of crime, *held* insufficient to authorize conviction.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Wes Carr was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Pruet & Glass, of Ashland, for appellant.

The alleged confession of the defendant was erroneously admitted; the corpus delicti not having been shown. Gidley v. State, 95 So. 330, 19 Ala. App. 113; Braxton v. State, 82 So. 657, 17 Ala. App. 167. The giving of the affirmative charge for the state and refusal of said charge for the defendant constituted reversible error. Anderson v. State, 101 So. 162, 20 Ala. App. 154; Sanford v. State, 104 So. 778, 20 Ala. App. 642; Cole v. State, ante, p. 22, 104 So. 866; McDowell v. State, 98 So. 701, 19 Ala. App. 532.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

What was said at the time defendant was surprised by the officers was admissible as of the res gestae. Barfield v. State, 97 So. 378, 19 Ala. App. 374; Montgomery v. State, 86 So. 132, 17 Ala. App. 469; Smith v. State, 96 So. 375, 19 Ala. App. 221. Likewise as a confession. Arthur v. State, 97 So. 158, 19 Ala. App. 311. The affirmative charge for the state was properly given. Arthur v. State, supra.

RICE, J. Appellant was convicted of the offense of "attempting to distill prohibited liquors," etc.

[1] What was said by the defendant at the time of his arrest, at the scene, and upon the occasion, of the alleged crime, was admissible as a part of the res gestæ. Barfield et al. v. State, 97 So. 378, 19 Ala. App. 374; Turner v. State, 85 So. 849, 17 Ala. App. 514.

True, these statements were in the nature of a confession or an admission of guilt, but this in no wise alters the propriety of their admission in evidence under the principle named, even though there had been first offered no sufficient independent proof of the corpus delicti.

[2-4] But a mere extrajudicial confession, uncorroborated by other facts, is not sufficient to show the corpus delicti, and cannot support a conviction. This, though evidence of facts and circumstances, attending the particular offense, or of facts having a just tendency to lead the mind to the conclusion that the offense has been committed, would be admissible to corroborate the confession. And, though it must be considered as settled that inconclusive facts and circumstances *tending prima facie to show the corpus delicti* may be aided by the admissions or confession of the accused, so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction.

[5] A careful consideration of the evidence adduced on the trial of this case, by the entire court sitting en banc, has led us to the conclusion that, independent of the admissions or confession of the defendant, let in as a part of the res gestæ, it does not afford any legitimate inference of the commission of any crime, and that therefore there was no evidence of the corpus delicti sufficient to authorize the conviction of the defendant.

It follows that the trial court erred in giving the general affirmative charge in favor of the state, and in refusing to give the requested general affirmative charge in favor of the defendant. Hill v. State, 93 So. 460, 207 Ala. 444; Ryan v. State, 14 So. 868, 100 Ala. 94; McCullars v. State, 94 So. 55, 208 Ala. 182.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.