**RICHARDSON v. STATE. (1 Div. 711.)**

(Court of Appeals of Alabama. Jan. 11, 1927.)

**1. Intoxicating liquors ☞239(2)—Charge that jury need not rely on distilling of whisky in still alone held prejudicial error, where state's evidence related entirely to such distilling.**

Where state's evidence related entirely to distilling whisky in still, court's oral charge that jury need not rely on that alone, as simple making of alcohol in barrels or receptacles was as much a violation of law, was prejudicial error, as authorizing conviction not warranted by evidence.

**2. Intoxicating liquors ☞137—Manufacturing liquor may consist of participation in manufacture of mash containing alcohol.**

Conviction of manufacturing alcoholic beverages may be had on proof of manufacture of mash containing alcohol, but there must be evidence of defendant's participation in its making.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Henry Richardson was convicted of distilling prohibited liquors, and he appeals. Reversed and remanded.

Outlaw, Kilborn & Smith, of Mobile, for appellant.

The court erred in charging the jury that they need not rely for conviction on the evidence going to show a manufacture by distillation, but that they might convict for making an alcoholic mash. Howard v. State, ante, p. 89, 105 So. 721; Brasher v. State, ante, p. 360, 108 So. 266; Glover v. State, ante, p. 423, 109 So. 125; Hope v. State, ante, p. 491, 109 So. 521.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

When considered as a whole, the oral charge of the court is correct. Holladay v. State, 20 Ala. App. 76, 101 So. 86.

SAMFORD, J. The evidence for the state tends to connect this defendant with the distilling of whisky, and that for the defendant that he was entirely innocent of any crime. The incidents of the trial impress this court that the jury was at some difficulty in arriving at a verdict of guilt, as indicated by the length of time they were considering the evidence and the questions asked by them of the court after they had retired. We make note of this in declining to hold that the error pointed out did not probably injuriously affect defendant's substantial rights.

[1] The evidence for the state related entirely and alone to distilling, and, if the defendant was guilty, under the evidence in this case, it was for the part he had in distilling whisky in the copper still found in the possession of his father and two brothers on the day of the arrest. In its oral charge the court charges the jury:

"You need not rely on that alone (the act of distilling), for the simple making of alcohol in barrels or receptacles, if it was made there in barrels, was as much a violation of law as if it was made in the still."

This part of the court's charge had reference to the testimony that there were six 50-gallon barrels of mash near the still in a state of fermentation containing alcohol and ready to be distilled. There was no evidence that the defendant was in any way connected with the mixing of this mash or beer, and, in the absence of such evidence, he could not be convicted of its manufacture. Therefore, when the court charged the jury that they might, in this case, base their verdict on the manufacture of these six barrels of mash or beer, he gave an instruction authorizing a conviction not borne out by the evidence in the case. This was error.

[2] As an abstract proposition, the court correctly stated that a conviction for manufacturing alcoholic beverages might be had on proof of the manufacture of mash containing alcohol. This was decided in Glaze v State, 20 Ala. App. 7, 100 So. 629, in which case the writer dissented, setting forth his views in a dissenting opinion. Since that time the majority opinion has been accepted and followed as the settled rule, both in this court and the Supreme Court. Anderson v. State, 20 Ala. App. 154, 101 So. 162; Ex parte Glaze, 211 Ala. 418, 100 So. 630. However, to authorize a conviction of defendant for this offense there must have been evidence of his participation in its making.

The other rulings of the court to which exceptions were reserved were without prejudicial error.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.