(112 So. 178)
## GANN v. STATE. (8 Div. 529.)

Court of Appeals of Alabama.   March 22, 1927.

Rehearing Denied April 12, 1927.

W. L. Almon, of Florence, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J. ▌ If defendant had chal-lenged juror Gautney because he had been, and was, a member of the grand jury, which returned the indictment against him in the case then on trial, the challenge would doubt-less have been sustained; but the objection comes too late after trial. The records of the court contained a list of the grand ju-rors, which were accessible to appellant or his counsel, and it will not do to allow a person indicted for crime, and who has an opportu-nity to know whether or not persons proposed as jurors upon his trial were of the panel of grand jurors that found the indictment against him, to be entitled to make the fact that such person was a member of both juries a reason for arrest of judgment or grounds for a motion for new trial. After convic-tion, if no objection was made to such juror when put upon the defendant, due diligence is not shown. Battle v. State, 54 Ala. 93; Daniels v. State, 88 Ala. 220, 7 So. 337; Car-son v. Pointer, 11 Ala. App. 462, 66 So. 910; Higdon v. State, 20 Ala. App. 649, 104 So. 913.

The evidence was sufficient upon which to base a verdict, and hence the various charges requesting instructions to acquit defendant were properly refused.

▌ Having laid the proper predicate, ad-mission of defendant tending to prove his presence at the still was admissible in evi-dence.

▌ The fact that the officers brought Shel-by Richardson to town after having arrested him at the still, and then released him, was irrelevant and immaterial. Richardson was not on trial and had not testified as a witness.

▌▌ It was relevant to prove that defend-ant, Gann, was seen working around the still while it was in operation. Everything said and done at the still where the whisky was being made, and relating to the crime, or tending to connect the defendant with its commission, is part of the res gestæ.

▌ The fact that Shelby Richardson was a witness in another case not connected with the case at bar, and, though indicted jointly with defendant, he had not been tried, was irrelevant and immaterial.

The other objections to testimony were ob-viously without merit.

▌ The argument of defendant's counsel to which the court sustained objection was based upon statements of fact not in evi-dence. Counsel in argument should confine

themselves to the evidence and logical conclusions to be drawn therefrom.

We find no error in the record, and the judgment is affirmed.

Affirmed.