(113 So. 316)

## PRUITT v. STATE.  (7 Div. 292.)

Court of Appeals of Alabama.   May 10, 1927.

Rehearing Denied May 24, 1927.

Longshore & Longshore, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J.   The defendant was indicted in  two counts.  The first charged manufacturing whisky and the second the unlawful possession of a still, etc.  The conviction under the first count was an acquittal under the second, and therefore rulings of the court which relate solely to the charge under the second count need not be considered.  However, we may add that the rulings of the court in this regard were free from error.  Scott v. State, 20 Ala. App. 360, 102

So. 152; Reeves v. State, 19 Ala. App. 72, 95 So. 203; Wilson v. State, 20 Ala. App. 62, 100 So. 914.

What was said by the parties relative to the ownership of the still, at the time of the arrest at the still all parties being present was a part of the res gestæ and relevant, as was also the act of defendant's brother in "proofing" the whisky being poured by defendant.

The undisclosed intention of Joe Pruitt, the brother of defendant, in going to the still the morning of the arrest, was illegal and immaterial.

The general charge of the court, when taken as a whole, correctly states the law in regard to aiding and abetting. This law has so often been stated as not to need reiteration here.

There was evidence that whisky was being made there at the time of the arrest of defendant and that defendant participated in the manufacture. The general charge was properly refused. Charge 1 omits a consideration of aiding and abetting, and charge 2 is not based upon a consideration of all the evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.