(114 So. 890)

**ROBERTS et al. v. STATE.** (7 Div. 266.)

Court of Appeals of Alabama. June 21, 1927.

Rehearing Denied Aug. 2, 1927.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J. ▇ According to the testimony of the state's witness, these three defendants were apprehended at about 8:30 a. m. while engaged in the manufacture of whisky. There were two stills at the place where the parties were found, only one of which was a complete still and in operation, but both of them were in a furnace and both were full of beer. The still not in operation only lacked the parts necessary, a cap, thumper, worm, and flake-stand. The stills were of the same capacity, and therefore these parts were interchangeable, and the jury might draw the inference that the apparatus was one and the same outfit. That is, an outfit with two pots from which there was to be run alternately whisky through one cap, thumper, worm, and flake-stand. There was only the one possession charged and only one possession proven. A full description of every article at the place relating to the possession of the apparatus or the manufacture of whisky was revelant.

▇ The record shows that defendants' counsel asked the witness Roberts: "I will ask you, based on that state of facts and from tasting that beer, whether or not that beer had alcohol in it?" The record then shows that defendant objected to this question and moved to exclude the answer. This may have been an error in writing the bill of exceptions, but as to this we have no way of knowing. Of course, the defendant will not be allowed to ask a question and then by objecting thereto put the court in error.

▇ There were three men at the still and but three when the officers arrived. One of the officers testified he could see their heads and that one of them said: "Go up on the hill and set down and keep your damn eyes open." Ellis Roberts, one of the three, went up the hill as ordered. The three parties being jointly engaged at the time in the commission of a felony, it would make no difference which one of the three made the remark; all would be bound by it, and if Ellis responded by going up the hill, this fact would further tend to connect him with the offense then being committed. Lancaster v. State, 21 Ala. App. 140, 106 So. 609.

▇ A predicate having been laid, the statement of the defendants relative to the ownership of the still was properly admitted, and a charge made in the presence of Ellis that he was guilty, and not denied by him, is admissible as against Ellis.

▇ There was much evidence in this case

Hugh Walker, of Anniston, for appellants.

to differentiate it from the Moon Case, 19 Ala. App. 176, 95 So. 830. The facts here present a question for the jury, and therefore the general charge was properly refused.

The testimony of the witness Roberts that the beer contained alcohol was not objected to on the ground that he had not qualified as an expert. The evidence was material, relevant, and was not a conclusion.

The case was submitted to the jury upon evidence which was in sharp conflict, and therefore the general charge was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.