(133 So. 312)

## STORMENT v. STATE.

### 8 Div. 86.

Court of Appeals of Alabama.

March 17, 1931.

Thos. E. Knight, Jr., Atty Gen., for the State.

BRICKEN, P. J.

The jury in this case returned a general verdict of "guilty as charged in the indictment." Judgment of conviction was duly pronounced and entered, the defendant (appellant) was sentenced to serve an indeterminate term of imprisonment in the penitentiary as the law requires upon conviction. From the judgment of conviction, this appeal was taken.

The evidence adduced upon the trial of this case in the court below was in conflict. That for the state tended to establish the guilt of this appellant as to the offenses charged in both counts of the indictment. The first count charged him, in proper form and substance, with distilling, making, or manufacturing alcoholic, spirituous, or malt liquor, etc., and the second count, with the unlawful possession of a still to be used for that purpose. The corpus delicti as to the offenses charged in each count was established by the undisputed evidence. The only question of fact was the participation in or the commission of the offenses so shown by this appellant. He relied upon an alibi as a defense, denied he was at the still, and also denied all knowledge thereof or connection therewith. He testified he had not left his own home during the day he was alleged to have been operating the still, and offered the testimony of several witnesses who likewise stated he was at his own home two or three miles distant at the time he was charged with being at and operating the still.

The state's testimony, by several witnesses, tended to show the contrary, and by several of these witnesses he was identified as being one of the three men the officers found at the still and was busily engaged in its operation. The question of the sufficiency of the evidence

was not tested in the court below as the affirmative charge was not asked, nor was there a motion for a new trial. The court gave the only two special charges requested by defendant.

The points of decision relied upon as error are confined to several exceptions to the court's rulings upon the admission of testimony. What was said and done by the accused at the still at the time the officers were watching the men operate the still and immediately prior to the "raid" was of the res gestæ. The court properly so held, and the exceptions reserved in this connection are without merit. The men operating the still all ran and escaped arrest, but later on the same day this appellant was arrested at his home. At the time of his arrest the officers searched his premises and in his home found two sacks of sugar containing 100 pounds each; they also found a man's clothing with still slop and smut on the clothing, and found a copper worm to a still in his home. This testimony was allowed over the objections and exceptions of defendant. The court allowed the accused full opportunity to explain the possession of the enumerated articles. In this connection he testified that the copper worm was in the house when he moved there, that only 100 pounds of the sugar belonged to him and was for home use, and further that the clothing found by the officers in his home did not have smut and beer slop stains on it, as the officers testified. The exceptions reserved in this connection are without semblance of merit. The evidence disclosed facts of incriminating nature; its weight or probative force was for the jury. This disposes of the questions presented. No error appearing in any ruling of the court, and the record also being without error, the judgment of conviction, appealed from, is affirmed.

Affirmed.