165 So. 871

## HUTTO v. STATE.

### 8 Div. 323.

Court of Appeals of Alabama.

Feb. 18, 1936.

McAfee & Nix, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

On the trial of this case in the court below the jury returned a general verdict of guilty as charged in the indictment. The court thereupon pronounced and entered judgment of conviction and duly sentenced the defendant to serve an indeterminate term of imprisonment in the penitentiary. From said judgment, this appeal was taken.

Several exceptions were reserved to the court's rulings upon the admission of testimony. Each of these exceptions has been examined and considered. In each instance, the exceptions relate to the conversation had between the officers and the two men who were at the still and at which time, the two men, this appellant and one Fleming, were then and there arrested. The testimony in question related to the res gestæ in each instance, and the trial court properly ruled in this connection. No merit appears in any of the exceptions thus reserved.

The principal insistence of error appears to be the action of the court in refusing to defendant the general affirmative charge, which was requested in writing upon the theory that the state had failed to meet the burden of proof necessary to a conviction, and that the evidence adduced was insufficient to sustain the verdict of the jury and to support the judgment of conviction.

As to this, the court, sitting in banc, have read the entire evidence in the record and after an attentive consideration thereof are of the opinion that a jury question was presented by the evidence in this case on the trial in the court below. This evidence consisted of that given by the state witnesses. The defendant offered no witnesses in his own behalf, nor did he elect to testify himself. Thus the evidence on the trial below was without dispute or conflict. The substance thereof was to the effect that the raiding officers found this appellant at the still upon the occasion in question; the still was a two-barrel copper still, steam outfit. There were about 9 gallons of whisky at the still, and about 700 gallons of beer. The still was running in full operation, fire under the still was burning and whisky was running out of the spout. This appellant was in his shirt sleeves, bare headed, and had on a light pair of dress pants, the right leg of which was wet on the outside about his knee, and there was a bucket near and a spring about 10 steps from the still with a path leading from the still to the spring. When the officers closed in, this appellant was sitting within a few feet of the still on a ten-gallon keg which contained 9 gallons of whisky, and Fleming, the only other person present, was standing at the spout of the still, from

which the whisky was running. Fleming was heard to remark to appellant, "That is strong alcohol." Appellant's hat and coat were near, and when he was arrested he put his hat and coat on. The officers tracked a wagon from the still to a barn nearby and took the appellant with them. In the barn was the appellant's dress shoes, and he took off the rubber boots and put on these shoes. The officers testified that appellant told them at the still (after proper predicate) that "he was trying to make a living for his children." This, and other evidence of like import, which, as stated, was without dispute, was ample in our opinion to justify the court in holding that the evidence presented a jury question.

Charge 1 was the affirmative charge and was properly refused.

■ Refused charge 2 was fairly and substantially covered by the court's oral charge, and also by charges "given" at the request of appellant. No other questions are presented. The record is regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.