58 So.2d 479

## HALL v. STATE.

### 5 Div. 357.

Court of Appeals of Alabama.
Jan. 15, 1952.

Rehearing Denied Feb. 5, 1952.

Walker & Walker, Opelika, for appellant.

408

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

Albert Hall, Tom Hall, and James Calloway were jointly charged in an indictment with manufacturing whiskey and possessing an illegal still.

The former offense is charged in the first count of the indictment and the latter in the second.

There was a severance ordered. We are here concerned with an appeal from a judgment of conviction relating to Albert Hall.

The jury found him guilty under the second count of the indictment. This was equivalent to an acquittal under the first count. Brown v. State, 15 Ala.App. 180, 72 So. 757; Cowart v. State, 16 Ala. App. 119, 75 So. 711; Dickerson v. State, 32 Ala.App. 432, 26 So.2d 627.

In many aspects the evidence is not in dispute.

The officers went to the rural residence of the appellant on a Sunday morning about 11 o'clock. The occupants of the home at that time consisted of Albert Hall, his wife, his small child, Tom Hall, age 21, a foster son of appellant, and James Calloway, age 18, a kinsman by marriage. The latter person resided in Atlanta, Georgia, but had been visiting at the home for about a month or two.

When the officers arrived, Albert was inside the house and James was within the curtilage. The officers followed a path which led from the yard around appellant's house to a whiskey still place which was located a distance of about 400 yards away and on the lands owned by appellant. The path ended at this point. At the latter place the officers found Tom. The still when first observed was completely assembled and a fire was burning beneath the furnace.

The officers testified also that they found a metal drum in a hog pen near the house. This container was of the same make, size, and character as the one which was being used as a part of the still outfit. They located a one gallon jug in a chicken house. This showed evidence that it had recently contained "moonshine" whiskey.

The appellant's automobile was observed in the yard near the house. With reference to car tracks the officer stated:

"Q. Did you examine the tracks leading up to where it stood still? A. I did.

"Q. Will you tell the court and jury from where those tracks came? A. Came from the main road into a side road beside the house, leading down about 200 yards to a fence corner and proceeded on about 100 or 150 yards to a fork in the road where the car turned around and drove back into the yard at Albert Hall's. That was the only vehicle that had been on the road since that particular car made those tracks.

"Q .Those tracks ran up to where the car was standing then and there at that time? A. They did."

After the officers located the still and found Tom there, some of them went back to the house and returned forthwith with Albert Hall and James Calloway.

■ There, in the presence of appellant and James, Tom stated that the still belonged to his father, Albert Hall, and that he (Tom) and James had "helped with running it several times, and he was always there with them whenever they run the still."

James made practically the same statement at the time and place. According to the testimony of one of the officers the appellant stated at that time that the still was not his.

The court overruled timely objections to the indicated statements of the co-indictees.

Appellant's counsel make the urgent insistence that only declarations which are made during the progress of a conspiracy and in the furtherance of its objects are admissible. The brief also contains this statement:

"Declarations of others are admissible not as evidence of their truth but as a predicate for the substantive evidence of the silence of the defendant as an implied admission on his part; and, in the absence of evidence of silence or other admission on the part of the defendant, such declarations should be excluded from evidence."

We do not find it necessary to reach any decision on the merit of these positions.

Under the circumstances in the case at bar the evidence of concern was admissible as being a part of the res gestae.

All that was said and done by the parties present at the time and at the place in question formed a part of the res gestae of the offenses charged in the indictment. Ganus v. State, 19 Ala.App. 286, 97 So. 117; Whitehead v. State, 20 Ala.App. 95, 101 So. 70; Aldridge v. State, 20 Ala.App. 456, 102 So. 785; Gann v. State, 22 Ala. App. 65, 112 So. 178; Pruitt v. State, 22 Ala.App. 113, 113 So. 316; Traffenstedt v. State, 34 Ala.App. 273, 38 So.2d 619.

In the case of Lancaster v. State, 21 Ala. App. 140, 106 So. 609, 612, Judge Samford, writing for this court, held:

"If and when, but not before, the conspiracy is formed, each conspirator is bound by the acts and declarations of his coconspirators done and said in furtherance of the common purpose. Leverett v. State, 18 Ala.App. 578, 93 So. 347; Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am.St.Rep. 91. But declarations made before the formation of the conspiracy or after the consummation of its purpose are not admissible, unless so closely allied with the commission of the crime as to become a part of the res gestae, in which event they are a part of a continuous transaction."

See also, Smith v. State, 52 Ala. 407; Griffin v. State, 229 Ala. 482, 158 So. 316; Ganus v. State, supra; Caraway v. State, 20 Ala.App. 362, 101 So. 912; Whigham v. State, 20 Ala.App. 129, 101 So. 98; Roberts v. State, 22 Ala.App. 178, 114 So. 890.

■ The evidence which we have delineated clearly demonstrates our view that the defendant was not due the general affirmative charge, nor was the court in error in overruling the motion for a new trial.

In response to a question by his attorney the appellant answered: "It had been as much as a couple of years anyway because I wasn't able to get about." Then immediately followed this question: "You were not able to get about?" The witness answered, "No, sir."

On motion of the solicitor the court excluded the answer. This answer amounted

410

to a mere repetition of a part of the reply to the question which just preceded.

■ The court sustained the solicitor's objection to this question which was addressed to the appellant: "What was the state of your health at that time and what had it been for the year immediately previous?"

The witness was not qualified to give expert testimony concerning his physical condition. This aside, he testified in detail in respect to his illness. He stated in substance that he had not been able to get about for about two years; that he had heart trouble, asthma and diabetes; that his illness caused his confinement in his home.

It is clear that if the accused had been permitted to answer the question to which objections were sustained he could not have given more information concerning his state of health than is contained in his testimony which we have set out. Stephens v. State, 252 Ala. 183, 40 So.2d 90; Woodard v. State, 253 Ala. 259, 44 So.2d 241; N. B. Borden & Co. v. Vinegar Bend Lumber Co., 7 Ala.App. 335, 62 So. 245.

■ Appellant's attorney objected to this portion of the court's oral charge: "That is the theory of the state, that these three defendants named in this indictment, one of which is Albert Hall, entered into a conspiracy to commit a felony."

By merely stating to the jury the contentions of the State, the court did not violate the provisions of Sec. 270, Title 7, Code 1940. Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692; Thomas v. State, 34 Ala. App. 470, 41 So.2d 435.

■ Counsel objected also to this part of the oral charge: "There is testimony or statements by two of the alleged conspirators, if there be a conspiracy—and that is for you to determine—and that is admitted to you only on the theory there is a conspiracy, and you are to determine whether there is a conspiracy."

The court charged at length on the doctrine of conspiracy and aiding and abetting. It is evident that these instructions were directed to the charge of manufacturing whiskey.

As preliminary to an explanation of these doctrines the court stated: "The theory of the state, gentlemen of the jury, is that there was a conspiracy between these defendants to commit a felony, that is, to manufacture liquor."

The appellant was acquitted of the charge of manufacturing whiskey.

We are clear to the conclusion that no prejudicial error inured to appellant in the matter of instant concern when the entire oral charge is taken into account. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Johnson v. State, 33 Ala.App. 159, 31 So.2d 667.

We have responded to each presented question which merits discussion.

The judgment below is ordered affirmed. Affirmed.

## On Rehearing.

On application for rehearing we are requested by counsel to particularize more in detail the circumstances relating to the appellant's presence at the still place. We have no hesitancy in complying with this request.

We copy from appellant's brief:

"Since, as the opinion shows, it was 400 yards from the still to Albert's house, it is insisted that the word 'forthwith' indicates the transmission of too short a time. At any rate the only witness reciting the intervening time said, 'I'd say it was about ten minutes after I got to the still that Mr. Kendrick *brought* Albert Hall and James Calloway back to the still.' Also the word, *brought,* clearly indicates that the presence of Albert and James at the still was not due to any voluntary action on their part as might be inferred from the quotation just made from the opinion. Indeed, it is clear from the evidence that Tom, when found by the officers, was not *at* the still but near the still, that Tom carried the officer or officers to the still, and that the deputy sheriff ordered two of the other officers to 'bring' Albert and James to the still.

"We now come to the most important omissions of all:

"1. After Albert and James arrived at the still the officers asked Tom to tell what he had told the officers, and it was after this demand or request was made that Tom and then James made the declarations which are the subject of this appeal and application for rehearing.

"2. At the time these declarations were being made the officers Downing and Weaver were already engaged in breaking up the still."

We will not attempt to elaborate further on the views we expressed in our original opinion.

The following additional authorities bear some factual analogy to the case at bar, or at least contain logical deductions which influenced our original conclusion. Carr v. State, 21 Ala.App. 299, 107 So. 730; Hutto v. State, 27 Ala.App. 81, 165 So. 871; Smith v. State, 25 Ala.App. 445, 148 So. 336; Horn v. State, 23 Ala.App. 273, 124 So. 125; Storment v. State, 24 Ala.App. 223, 133 So. 312; Nalls v. State, 19 Ala.App. 146, 95 So. 591; Ellis v. State, 18 Ala.App. 544, 93 So. 334; Hanson v. State, 27 Ala. App. 147, 168 So. 698.

The application for rehearing is ordered overruled.