63 So.2d 734

### CLARK v. STATE.

7 Div. 224.

Court of Appeals of Alabama.

Feb. 3, 1953.

Rehearing Denied March 3, 1953.

---

W. E. Hollingsworth, Jr., Talladega, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case charges the offenses of manufacturing whiskey and possessing a still. The trial resulted in a verdict of guilty under the count charging distilling.

According to the testimony of the raiding officers, while they were in hiding they observed the appellant and one other person for about forty minutes at the still place. During this time the manufacture of whiskey was in active process.

It appears that at this stage of the operation there was very little work required. The officers did see the appellant moving about and at one time take a glass jar and carry it to a barrel. When the officers closed in and made their presence known, the appellant ran. He was arrested, however, in the near vicinity by the sheriff.

The defendant stated at the time of his arrest and in his testimony at the trial that he was hunting squirrels and when he came near to the still place the other person invited him to come and have a drink of whiskey. He claimed that his presence at the still was for this sole purpose.

The factual circumstances, in our view, did not entitle the accused to the general affirmative charge. Smith v. State, 21 Ala.App. 460, 109 So. 294; Plyler v. State, 21 Ala.App. 320, 108 So. 83; Abel v. State, 21 Ala.App. 366, 108 So. 268; Love v. State, 22 Ala.App. 392, 117 So. 398.

All that was said and done by the parties present at the time and at the place in question formed a part of the res gestae of the offenses charged in the indictment. Ganus v. State, 19 Ala.App. 286, 97 So. 117; Whitehead v. State, 20 Ala.App. 95, 101 So. 70; Aldridge v. State, 20 Ala.App. 456, 102 So. 785; Gann v. State, 22 Ala. App. 65, 112 So. 178; Pruitt v. State, 22 Ala.App. 113, 113 So. 316.

Appellant's counsel sought to show by the officers whether or not the other person, who was also found at the still, had been prosecuted for the offense. This inquiry related to an immaterial matter.

As the law requires, we have carefully considered each question presented for our review. Those we have not discussed relate to elementary and familiar legal principles.

The record is free of error. The judgment below is due to be affirmed. It is so ordered.

Affirmed.