77 So.2d 495

## Oscar SHERMAN

### v.

### STATE.

### 5 Div. 433.

Court of Appeals of Alabama.

Nov. 30, 1954.

Rehearing Denied Dec. 28, 1954.

108

Wilbanks & Wilbanks, Alexander City, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

Austin Robinson, Jessie Sherman, and Oscar Sherman were indicted under separate indictments for manufacturing whiskey under the first counts and possessing an illegal still under the second counts. Each of the indictments related to the same transaction; that is the operation and the possession of the same still.

By agreement of counsel the three cases were tried jointly with the understanding that separate verdicts would be returned.

This appeal is from a judgment of conviction and sentence of Oscar Sherman.

The judgment in pertinent parts is:

"And now on the 13th day of August, 1953, the defendant, Oscar Sherman, was formally sentenced to imprisonment in the pententiary (sic) for a term of two years.

"The defendant being in open Court and being asked by the Court if he had anything to say why the sentence of the law should not be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment and the sentence of the Court that the said defendant, Oscar Sherman, be imprisoned in the pententiary (sic) of the State of Alabama for a term of two years and six months."

It will be noted that an informal and unnecessary statement in the judgment indicates that the sentence was for two years. However, the formal part declares that the defendant be imprisoned in the penitentiary of the State for a term of two years and six months. This latter declaration controls. The certificate of appeal stipulates that the defendant was sentenced to a term of two years and six months.

The evidence for the State consisted of the testimony of the raiding officers and confessions of the defendants. Neither of the accused testified in the case, nor did they offer any evidence otherwise.

In a wooded place in Tallapoosa County, Alabama, the officers found a complete, assembled whiskey distilling outfit with the exception of the worm. This part was subsequently located not a great distance from the still. Its hiding place was pointed out to the officers by one of the defendants.

The still was not in operation at the time of the raid, but it was filled with fermented mash with alcoholic content.

After the officers had been in waiting in their hidden positions for some time, Austin Robinson drove up in an automobile and was arrested. His car contained a number of empty jugs, tin cans, and lunch boxes.

Later the defendants Jessie and Oscar Sherman drove up near the still place in a car and unloaded therefrom fifty-five gallons of gasoline, eighteen empty five gallon jugs, and a gas burner. They journeyed a short distance up in the woods and went to sleep in the automobile. The officers went up there and arrested them after waiting a time to see if they would come to the still.

The next morning in the office of the sheriff each defendant made a separate statement which was reduced to writing. The usual and customary questions were asked the witnesses as predicates to determine whether or not the confessions were voluntarily made. Unquestionably the proof was sufficient in this aspect to permit the introduction of the written statements.

The appellant's statement is:

"I Oscar Sherman, CM age 40, born in Elmore County, Alabama, 10–10–1912 6′ 2″ weight 174, black hair, brown eyes, 2″ scar on top of head, make the following statement of my own free will and accord, I have been told that I do not have to make a statement and if I do it can be used in Court against me, I have not been mistreated in any way nor have I been promised any reward or immunity to get me to make this statement.

"About a month ago a white man came to my house in Birmingham and asked me did I want to make some whiskey for him, he told me he would give me $50.00 a run. I told him that I would and he got up the material and I took the material to a place in Tallapoosa County about 13 miles from Alexander City and built the still. I do not know the white mans name, he told me to get two other fellows to help me and that he would pay them too, he told me to call him Mr. John. After I had built the still, I told Mr. John and he brought the material to the still site and Jessie Sherman (my brother) and Austin Robinson helped me at the still. On the first run we did not make any whiskey, we then recharge the still and on the second run we made about 90 gallons. We would run off the whiskey and leave it at the still site for Mr. John. Last night I drove to the still in my 1946 Dodge and carried

55 gallons of gasoline, 1 burner, and 18 glass 5 gallon jugs, we unloaded the material at the still and then drove across the road to wait for Austin Robinson to come and help us. The officers came and woke me up as I was asleep in the back of the Dodge. They questioned me about the still and I told them as I have in the above statement.

"I have had the above statement read to me as I can not read and it is true and correct to the best of my knowledge and belief.

"Oscar Sherman
<u>Oscar Sherman</u>

"Sworn to and *scribed* to before me this 16th day of May, 1953, at Dadeville, Alabama.

"Laverne J. Hoover
<u>Laverne J. Hoover</u>

"Witnessed:   Buey R. Ward
<u>B. R. Ward</u>"

■ The position is stressed that the written confession is not in the exact language of the confessor. That is to say, he did not use the expression "CM age 40" etc. There is no merit in this insistence. According to the undisputed evidence, what is contained in the statement is a correct and accurate written production of what the appellant related. It was read over to him and he signed it. The admissibility of the statement did not require that it be typed or written in question and answer form. Alexander v. State, 37 Ala.App. 533, 71 So.2d 520; Williams v. State, 26 Ala.App. 531, 163 So. 663.

■ The still was "loaded" with fermented mash or beer with alcoholic content. This proof, together with the other established circumstances, was sufficient to sustain the first count of the indictment. Glaze v. State, 20 Ala.App. 7, 100 So. 629; Brasher v. State, 21 Ala.App. 463, 109 So. 369; Richardson v. State, 21 Ala. App. 624, 111 So. 50.

■ The still was an assembled outfit with the exception of the worm, which was near at hand. Proof was made that the parts found were generally and commonly used to manufacture whiskey and that they were suitable for this purpose. This evidence, together with other proven circumstances, was ample to sustain a conviction under the second count of the indictment. Title 29, Sec. 132, Code 1940; Smart v. State, 23 Ala.App. 548, 129 So. 99; Berry v. State, 20 Ala.App. 102, 100 So. 922.

The general affirmative charge as to each count in the indictment was properly refused.

■ Everything that transpired at the locale while the officers and defendants were present was admissible in evidence as a part of the res gestae. This included, of course, proof relating to the gasoline, jugs, cans, etc. Aldridge v. State, 20 Ala. App. 456, 102 So. 785; Pruitt v. State, 22 Ala.App. 113, 113 So. 316; Gann v. State, 22 Ala.App. 65, 112 So. 178; Carr v. State, 21 Ala.App. 299, 107 So. 730; Smith v. State, 36 Ala.App. 646, 62 So.2d 473; Clark v. State, 37 Ala.App. 93, 63 So. 2d 734; Hall v. State, 36 Ala.App. 407, 58 So.2d 479.

■■ The offense of possessing a still at the same location and by the same parties is continuing in evidential character. However, only one conviction may be had for the possession. The evidence in this aspect relating to circumstances which transpired prior to the raid was admissible. Blackstone v. State, 19 Ala.App. 582, 99 So. 323; Usrey v. State, 36 Ala.App. 394, 56 So.2d 790.

■ Appellant's attorney excepted to portions of the court's oral charge in this manner: "Your honor, we respectfully state that we take exception to that part of the court's oral charge which pertains to conspiracy. * * * We except to that portion with reference to unexplained possession."

The exceptions were not sufficiently specific to invite our review. Forsythe v. State, 19 Ala.App. 669, 100 So. 198; Brock v. State, 28 Ala.App. 52, 178 So. 547; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472; Kelley v. State, 226 Ala. 80, 145 So. 816.

Refused Written Charges.

Charge numbered 2 is abstract. There is no evidence in the record that the appellant was assured of lighter punishment as an inducement to make a confession.

Charges numbered 4 and 5 do not state the law correctly. To sustain a conviction for possessing an illegal still it is not necessary to prove actual operation.

Charge numbered 7 is misleading. It is a preliminary question for the court and not the jury to determine whether or not a confession is made voluntarily. McGuire v. State, 239 Ala. 315, 194 So. 815; Moss v. State, 19 Ala.App. 85, 96 So. 451; Burns v. State, 226 Ala. 117, 145 So. 436.

Charge numbered 8 is argumentative.

Charges numbered 13, 14, 35, 36, and 37 were properly refused. They do not state the law correctly. See authorities supra.

It may be noted that a complete distilling outfit was found in the instant case.

Charge numbered 18 was covered by given written instructions. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala. App. 644, 29 So.2d 677.

Charge numbered 38 is clearly invasive of the province of the jury.

We have responded to each presented question which in our view merits any discussion.

The judgment below is ordered affirmed.

Affirmed.